LAW OFFICES OF JEFFREY L. GRAUBART, P.C.
Jeffrey L. Graubart (State Bar No. 42250)
 *info@jlgraubart.com*
800 East Colorado Boulevard, Suite 840
Pasadena, California 91101-2173
Telephone:  (626) 304-2800
Facsimile:  (626) 381-9601

BLECHER COLLINS PEPPERMAN & JOYE, P.C.
Maxwell M. Blecher (State Bar No. 26202)
 *mblecher@blechercollins.com*
Donald R. Pepperman (State Bar No. 109809)
 *dpepperman@blechercollins.com*
John E. Andrews (State Bar No. 105336)
 *jandrews@blechercollins.com*
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff
RICHARD FRIEDMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RICHARD FRIEDMAN, an individual,<br><br>              Plaintiff,<br><br>      vs.<br><br>HANS ZIMMER, individually, and doing business as REMOTE CONTROL SONGS; TWENTIETH CENTURY FOX FILM CORPORATION; FOX SEARCHLIGHT PICTURES, INC.; FOX ENTERTAINMENT GROUP, INC.; NEW REGENCY PRODUCTIONS, INC.; MONARCHY ENTERPRISES, S.A.R.L., individually, and doing business as REGENCY ENTERPRISES; RIVER ROAD ENTERTAINMENT, LLC; PLAN B ENTERTAINMENT, INC.; REMOTE CONTROL PRODUCTIONS, INC.; SONY MUSIC ENTERTAINMENT; DOES ONE through TEN, inclusive,<br><br>              Defendants. | Case No. 2:15-CV-00502<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) COPYRIGHT INFRINGEMENT; (2) UNFAIR COMPETITION; AND  (3) VIOLATION OF MORAL RIGHTS**<br><br>**[DEMAND FOR JURY TRIAL]** |

Blecher Collins
Pepperman & Joye

adv.

IMAGEM PRODUCTION MUSIC LLC, individually, and doing business as 5 ALARM MUSIC, and also doing business as CYPRESS CREEK MUSIC,

                    Involuntary Plaintiff.

Blecher Collins
Pepperman & Joye

BC
PJ

1   Plaintiff Richard Friedman ("Plaintiff") files this Complaint against the
2   above-named defendants ("Defendants") to secure damages and injunctive and
3   declaratory relief, and demanding trial by jury, claims and alleges:

4                                          I.

5                          **SUMMARY OF THE CASE**

6       This Complaint seeks legal and injunctive relief for copyright infringement
7   and related claims arising out of Defendants' unauthorized use of Plaintiff's
8   copyrighted music in the soundtrack for the film, *12 Years a Slave* (hereinafter,
9   "*12YAS*").

10                                         II.

11                        **JURISDICTION AND VENUE**

12      1.     This Complaint is filed and this action is instituted under §101, *et seq.,*
13  of the Copyright Act to recover the damages caused by, and to secure injunctive and
14  declaratory relief against the above-named Defendants for their past and continuing
15  violations of 17 U.S.C. §101, *et seq*. and common law unfair competition laws, as
16  alleged herein.

17      2.     This Court has original and exclusive jurisdiction over the subject
18  matter of this civil action under the Copyright Act 17 U.S.C. §§ 411 and 501.
19  Pursuant to 28 U.S.C. §1367, the Court has supplemental jurisdiction over the
20  substantially related state law unfair competition claim that forms part of the same
21  case or controversy.

22      3.     Venue is proper in this District because defendants transact business on
23  a systematic and continuous basis within this District and may be found here within
24  the meaning of 28 U.S.C. §1391(b) and §1400.  Further, many of the infringing and
25  unlawful acts were performed and occurred within this District.

26                                         III.

27                            **THE PARTIES**

28      4.     Plaintiff Richard Friedman, an individual, is a resident of Culver City

                                          -1-

1  and the County of Los Angeles, California.

2       5.    Plaintiff is informed and believes and thereon alleges that Defendant

3  Hans Zimmer, is an individual, and is also doing business as Remote Control Songs

4  (hereinafter, collectively, "Zimmer"), and is a resident of the County of Los

5  Angeles, California.

6       6.    Plaintiff is informed and believes and thereon alleges that Defendant

7  Twentieth Century Fox Film Corporation (hereinafter "Fox") is a Delaware

8  corporation, qualified to do business in California, having a place of business at

9  10201 West Pico Boulevard, Los Angeles, California.

10       7.    Plaintiff is informed and believes and thereon alleges that Defendant

11  Fox Searchlight Pictures, Inc. (hereinafter "Searchlight") is a Delaware corporation,

12  qualified to do business in California, and having a principal place of business at

13  10201 West Pico Boulevard, Los Angeles, California.

14       8.    Plaintiff is informed and believes and thereon alleges that Defendant

15  Fox Entertainment Group, Inc. (hereinafter "FEG") is a Delaware corporation,

16  qualified to do business in California, and having a principal place of business at

17  10201 West Pico Boulevard, City of Los Angeles, State of California.

18       9.    Plaintiff is informed and believes and thereon alleges that Defendant

19  New Regency Productions, Inc. (hereinafter "New Regency") is a California

20  corporation, having a principal place of business at 1801 Century Park West, Los

21  Angeles, California.

22       10.    Plaintiff is informed and believes and thereon alleges that Defendant

23  Monarchy Enterprises S.a.r.l. (hereinafter, collectively, "Monarchy") is a

24  Luxembourg corporation, not qualified to do business in California, but it is doing

25  business at 1801 Century Park West, Los Angeles, California, under the trade name

26  Regency Enterprises.

27       11.    Plaintiff is informed and believes and thereon alleges that Defendant

28  River Road Entertainment, LLC (hereinafter "River Road") is a Minnesota

Blecher Collins
Pepperman & Joye

-2-

1  corporation qualified to do business in California, and having a principal place of

2  business at 2000 Avenue of the Stars, Suite 620, Los Angeles, California.

3      12.    Plaintiff is informed and believes and thereon alleges that Defendant

4  Plan B Entertainment, Inc. (hereinafter "Plan B") is a California corporation, having

5  a principal place of business at 10201 West Pico Boulevard, Los Angeles,

6  California.

7      13.    Plaintiff is informed and believes and thereon alleges that Defendant

8  Remote Control Productions, Inc., is a California corporation, with its principal

9  place of business at 1547 14th Street, Santa Monica, California, 90404.

10     14.    Plaintiff is informed and believes and thereon alleges that Defendant

11 Sony Music Entertainment (hereinafter "Sony") is a Delaware general partnership,

12 having a principal place of business at 9830 Wilshire Boulevard, Beverly Hills,

13 California.

14     15.    Involuntary plaintiff Imagem Production Music LLC  ("Imagem"), is a

15 New York corporation, not qualified to do business in California, but doing business

16 in California as 5 Alarm Music, and also doing business in California as Cypress

17 Creek Music, at 44 West Green Street, Pasadena, California.  Plaintiff is informed

18 and believes, and thereon alleges that Imagem is the successor-in-interest to

19 ABACO Productions, Inc. ("ABACO"), the original copyright claimant to *To Our*

20 *Fallen*.

21     16.    Plaintiff does not know the true names of Defendants designated as

22 Does 1 through 50, inclusive, and therefore sues them by said fictitious names.

23 Plaintiff is informed and believes that said fictitiously named Defendants are

24 responsible in some manner for Plaintiff's damage herein, and will amend this

25 complaint to allege their true names when ascertained.  Plaintiff is informed and

26 believes, and thereon alleges that, in doing the acts herein alleged, each Defendant

27 was the agent, employee, co-conspirator and/or attorney for each co-defendant, and

28 each was acting within the scope of said agency, employment and/or conspiracy.

**IV.**

**FIRST CLAIM FOR RELIEF**

(Copyright Infringement Against All Defendants Except SME)

17.     Plaintiff incorporates paragraphs 1 through 16 herein, as if fully set forth.

18.     In or about 2004, Plaintiff wrote and composed a musical composition entitled *To Our Fallen* (hereinafter referred to as "the Composition").

19.     In or about May, 2004, ABACO, a commercial music library, caused to be recorded a derivative work of the Composition which was included in a recorded music sampler entitled *American Heart*, containing the Composition and additional compositions by Plaintiff, as well as other compositions by a second composer. That sound recording was widely distributed in or about 2004, and, thus, (i) the Composition and (ii) the sound recording of *To Our Fallen* contained therein (hereinafter referred to as the "Sound Recording") were published at that time.

20.     In 2006, ABACO, applied for and was issued by the Register of Copyrights Certificate of Registration of a Claim to Copyright in and to the Composition, No. SR 392-592.  Plaintiff is the beneficial owner of the Composition, and the Sound Recording.

21.     The Composition and the Sound Recording were embodied in the episode of the television show *Desperate Housewives* entitled "The Juiciest Bites -- In Memoriam,"  aired on the ABC Television Network in April, 2008, and October, 2009.  Plaintiff is informed and thereon alleges that the string overdub portions of the music for "The Juiciest Bites -- In Memoriam" was recorded at Remote Control Productions, a recording facility owned in whole or in part by Defendant Hans Zimmer, as was all or most of the musical score for *12YAS*.  The foregoing is compelling evidence of access by Defendants to the Composition.

22.     In or about 2013, Defendants produced and distributed the motion picture *12YAS* in the United States and throughout the world.  *12YAS* reproduced

Blecher Collins
Pepperman & Joye

-4-

1   and embodied musical compositions and cues ostensibly composed by Defendant

2   Zimmer, including, *inter alia*, the main musical theme entitled *Solomon Northup*.

3   Later in 2013, *12YAS* received widespread critical acclaim, and was named the best

4   film of 2013 by several media outlets.  The film was awarded the Golden Globe

5   Award for the Best Motion Picture -- Drama, the British Academy of Film and

6   Television Arts ("BAFTA") recognized it with the Best Film Award, and it went on

7   to win the Academy of Motion Picture Arts and Sciences Best Picture of the Year

8   "Oscar."  Zimmer was nominated for the Golden Globe award for the best musical

9   score of 2013 for *12YAS*, his purported creation.  *12YAS* has generated substantial

10  worldwide profits for all of the Defendants.

11        23.     Notably, (a) the main theme, *Solomon Northup*, (b) the music for the

12  closing credits, and (c) eleven of the other musical cues embodied in *12YAS* are

13  based upon, and substantially similar to, the Composition and the Sound Recording,

14  and infringe Plaintiff's rights in and to the Composition and the Sound Recording

15  (collectively " Plaintiff's Copyrighted Works"), but neither Plaintiff, nor any other

16  person or entity in privity with plaintiff, has been asked by Defendants, at any time,

17  for permission to use or license Plaintiff's Copyrighted Works in *12YAS*.

18        24.     Plaintiff is informed and believes that Defendant Hans Zimmer claims

19  that he owns and/or controls all of the musical score and cues embodied in *12YAS*,

20  and based on Zimmer's false claims, the other Defendants, erroneously, and in

21  violation of the moral rights of Plaintiff pursuant to the copyright laws of the

22  numerous foreign nations where the motion picture and the phonorecord of *12YAS*

23  have been distributed and exhibited, have credited Defendant Zimmer rather than

24  Plaintiff as the composer of the Composition and the Sound Recording.

25        25.     The foregoing conduct of Defendants, in copying protected elements of

26  Plaintiff's works, is without any authorization or license from Plaintiff, and,

27  therefore, constitutes copyright infringements, as to the Composition, as well as to

28  the Sound Recording.  Plaintiff seeks, as damages, appropriate amounts to be

Blecher Collins
Pepperman & Joye

-5-

1    determined at trial, according to 17 U.S.C. §501, *et seq.*, from each of the

2    Defendants named herein for each such infringement.  Pursuant to 17 U.S.C. §504,

3    Plaintiff is entitled to recover the actual damages suffered as a result of the

4    infringement, and any profits of the Defendants that are attributable to the

5    infringement.  Furthermore, because the acts of Defendants, and such other persons

6    who may be responsible for the infringements of Plaintiff's copyright, have been

7    deliberate and willful, and have been guilty of malice, oppression, and malice,

8    Plaintiff will seek an award of punitive damages pursuant to California Civil Code §

9    3294.

10    26.    Defendants' infringing conduct has also caused and is causing

11    substantial and irreparable injury and damage to Plaintiff in an amount not capable

12    of determination, and, unless restrained, will cause further irreparable injury, leaving

13    plaintiff with no adequate remedy at law.  Plaintiff accordingly requests injunctive

14    relief pursuant to 17 U.S.C. §502.

**V.**

**SECOND CLAIM FOR RELIEF**

(Copyright Infringement Against Defendant SME)

18    27.    Plaintiff incorporates paragraphs 1 through 26 herein, as if fully set

19    forth.

20    28.    Plaintiff is informed and believes and thereon alleges that the musical

21    score for *12YAS*, including material portions of Plaintiff's Copyrighted Works were

22    reproduced and distributed on phonorecords by Defendant Sony Music

23    Entertainment ("SME") through its division, Columbia Records.  Plaintiff is

24    informed and believes, and thereon alleges, that SME licensed, and distributed

25    throughout the United States and many countries of the world, and sold many

26    hundreds of thousands of copies of the phonorecord embodying the "soundtrack"

27    music from *12YAS*, which includes Plaintiff's Copyrighted Works.

28    29.    The foregoing conduct of Defendant SME is without any authorization

-6-

1   or license from Plaintiff, and, therefore, constitutes copyright infringements both as

2   to the Composition as well as the Sound Recording.  Plaintiff seeks, as damages,

3   appropriate amounts to be determined at trial according to 17 U.S.C. §501, *et seq.*,

4   from defendant SME for each infringement.  Pursuant to 17 U.S.C. §504, Plaintiff is

5   entitled to recover the actual damages suffered as a result of the infringement, and

6   any profits of the Defendants that are attributable to the infringement.

7           30.     Defendants' infringing conduct has also caused and is causing

8   substantial and irreparable injury and damage to Plaintiff in an amount not capable

9   of determination, and, unless restrained, will cause further irreparable injury, leaving

10   Plaintiff with no adequate remedy at law.  Plaintiff accordingly requests injunctive

11   relief pursuant to 17 U.S.C. §502.

12                               **VI.**

13                 **THIRD CLAIM FOR RELIEF**

14           (Common Law Unfair Competition Against All Defendants)

15           31.     Plaintiff incorporates paragraphs 1 through 30 herein, as if fully set

16   forth.

17           32.     The acts and activities outside of the United States by Defendants and

18   those acting in concert with them as hereinabove set forth, constitute unfair

19   competition with Plaintiff under the laws of the State of California and at common

20   law. Plaintiff seeks an award of exemplary and punitive damages pursuant to

21   California Civil Code §3294, based upon the fact that the unauthorized uses by

22   Defendants of the Sound Recording and the Composition outside of the United

23   States was fraudulent, oppressive and malicious, in that Defendants consciously

24   disregarded the rights of Plaintiff in and to the Sound Recording and the

25   Composition.

26

27

28

# VII.

## FOURTH CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF MORAL RIGHTS UNDER THE COPYRIGHT LAW OF THE FEDERAL REPUBLIC OF GERMANY

(Against All Defendants)

33.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 32, inclusive of the Complaint above, with the same force and effect as though set forth completely herein.

34.     At all times herein mentioned, there was in full force and effect in the Federal Republic of Germany the German Copyright Statute of 1965, as amended July 16, 1998, which provides [in its English language translation], in pertinent part:

13. *Recognition of Authorship* --

The author shall have the right of recognition of his authorship of the work.  He can determine whether the work is to bear an author's designation and what designation is to be used.

14. *Distortion of the Work* --

(1) The author shall have the right to prohibit any distortion or any other mutilation of his work which would prejudice his lawful intellectual or personal interests in the work.

15. *General* --

The author shall have the exclusive right to exploit his work in material form; the right shall comprise in

-8-

particular:

1. the right of reproduction (Article 16)

2. the right of distribution (Article 17)

3. the right of broadcast (Article 20).

97. *Actions for Injunction and Damages* --

(1) As against any person who infringes a copyright or any other right protected by this Law, the injured party may bring an action for injunctive relief requiring the wrongdoer to cease and desist if there is a danger of repetition of the acts of infringement, as well as an action for damages if the infringement was intentional or the result of negligence.  In place of damages, the injured party may require surrender of the profits derived by the infringer from the acts of infringement together with detailed accounting reflecting such profits.

(2) Authors, including...performers (Section 73) may, if the infringement was intentional or the result of negligence, recover, as justice may require, a monetary indemnity for the injury caused to them even if no pecuniary loss has occurred.

35.     Plaintiffs request that the Court take notice of the German Copyright Statute and award damages to plaintiffs for copyright infringement as well for the violation of Plaintiff's moral rights under the German Copyright Act.

36.     Plaintiff seeks an award of exemplary and punitive damages based on the fact that the unauthorized uses by Defendants, and each of them, of Plaintiff's copyrighted musical composition and sound recording, in that Defendants, and each of them as joint-tortfeasors, willfully, wantonly, and consciously disregarded the

-9-

1  rights of Plaintiff's in and to Plaintiff's intellectual property.

2  ## VIII.

3  ## FIFTH CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT

4  ## AND VIOLATION OF MORAL RIGHTS UNDER

5  ## THE COPYRIGHT LAW OF THE REPUBLIC OF FRANCE

6  ## (Against All Defendants)

7        37.    Plaintiffs repeat and reallege each and every allegation contained in

8  paragraph 1 through 32, inclusive of the Complaint above, with the same force and

9  effect as though set forth completely herein.

10        38.    At all times herein mentioned, there was in full force and effect in the

11  Republic of France the Code of Intellectual Property of 1992, as amended October

12  1, 2010, which provides [in its unofficial English language translation], in pertinent

13  part:

14          Article L121-1.  An author shall enjoy the right to respect

15          for his name, his authorship and his work.  This right shall

16          attach to his person.  It shall be perpetual, inalienable and

17          imprescriptible.

18          Article L121-2.  The author alone shall have the right to

19          divulge his work.  He shall determine the method of

20          disclosure and shall fix the conditions thereof….

21          Article L122-1.  The right of exploitation belonging to the

22          author shall comprise the right of performance and the

23          right of reproduction.

24        39.    Plaintiffs request that the Court take notice of the French Intellectual

25  Property Code and award damages to Plaintiff's for copyright infringement as well

26  for the violation of Plaintiff's moral rights under the French Intellectual Property

27  Code.

28        40.    Plaintiff seeks an award of exemplary and punitive damages based on

-10-

Blecher Collins
Pepperman & Joye

the fact that the unauthorized uses by Defendants, and each of them, of Plaintiff's copyrighted musical composition and sound recording, in that Defendants, and each of them as joint-tortfeasors, willfully, wantonly, and consciously disregarded the rights of Plaintiff's in and to Plaintiff's intellectual property.

## IX.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.      On the First and Second Claims for Relief, for actual damages and profits, according to proof, based upon 17 U.S.C. §504;

2.      On the Second Claim for Relief, for damages according to proof;

3.      On the Third Claim for Relief, for damages according to proof;

4.      On the Third Claim for Relief, for an award of exemplary and punitive damages according to proof;

5.      On the Fourth and Fifth Claims for Relief that each Defendant be required to pay to Plaintiff such damages and profits as provided by the German Copyright Statute of 1965 and the French Intellectual Property Code of 1992, as amended October 1, 2010, for each separate infringement of Plaintiff's Copyrighted Works and, in addition, for the infringement of the neighboring rights of Plaintiff thereunder;

6.      On the First, Second, Third, Fourth, and Fifth Claims for Relief, that each of the Defendants, and each of them, their officers, agents, servants, employees and all persons, firms, corporations, and associations in active concert or participation with them, be enjoined during the pendency of this action and permanently from:

(a)      Producing, exhibition, publicly displaying, licensing, manufacturing, distributing, selling, or in any way using or transferring the copyrighted portions of the Works and that all videograms and phonorecords

Blecher Collins
Pepperman & Joye

-11-

1  embodying the copyrighted portions of the Works be delivered up and destroyed as
2  the Court shall direct pursuant to 17 U.S.C. §503; and

3           (b)    Issuing any advertising or promotional material, making public
4  statements or otherwise representing that any portion of the Copyright Works will
5  be in any manner be associated with, authorized by, or sponsored by Defendant
6  Zimmer; and

7       7.    For a declaratory judgment that Plaintiff is the legal owner of (a)
8  *Solomon Northup*, and (b) all other twelve musical cues embodied in the videograms
9  and phonorecords of *12YAS*, and that all thirteen (13) of these musical compositions
10 are based on *To Our Fallen*;

11      8.    For an award of exemplary and punitive damages, pursuant to
12 California Civil Code §3294, according to proof;

13      9.    An award of pre-judgment and post judgment interest and costs of this
14 action against all Defendants; and

15      10.   For any further relief the Court should deem just and proper.

16 Dated:  January 22, 2015         BLECHER COLLINS PEPPERMAN & JOYE, P.C.
17                                  MAXWELL M. BLECHER
                                    DONALD R. PEPPERMAN
18                                  JOHN E. ANDREWS

19

20

21                        By:      */s/ Maxwell M. Blecher*
                                   Maxwell M. Blecher
22                                 Attorneys for Plaintiff
                                   RICHARD FRIEDMAN
23

24

25

26

27

28

1    Dated:  January 22, 2015          LAW OFFICES OF JEFFREY L. GRAUBART, P.C.
                                       JEFFREY L. GRAUBART
2

3

4                                      By:          */s/ Jeffrey L. Graubart*
5                                                  Jeffrey L. Graubart
                                                   Attorney for Plaintiff
6                                                  RICHARD FRIEDMAN
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided for pursuant to Fed. R. Civ. P. 38, and Local Rule 38-1.

Dated:  January 22, 2015   BLECHER COLLINS PEPPERMAN & JOYE, P.C.
             MAXWELL M. BLECHER
             DONALD R. PEPPERMAN
             JOHN E. ANDREWS


             By:     */s/ Maxwell M. Blecher*
                    Maxwell M. Blecher
                    Attorneys for Plaintiff
                    RICHARD FRIEDMAN

Dated:  January 22, 2015   LAW OFFICES OF JEFFREY L. GRAUBART, P.C.
             JEFFREY L. GRAUBART


             By:     */s/ Jeffrey L. Graubart*
                    Jeffrey L. Graubart
                    Attorney for Plaintiff
                    RICHARD FRIEDMAN

67871.7