BLECHER COLLINS PEPPERMAN & JOYE, P.C.
Maxwell M. Blecher (State Bar No. 26202)
*mblecher@blechercollins.com*
Donald R. Pepperman (State Bar No. 109809)
*dpepperman@blechercollins.com*
Jennifer S. Elkayam (State Bar No. 238619)
*jspeno@blechercollins.com*
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

LAW OFFICES OF JEFFREY L. GRAUBART, P.C.
Jeffrey L. Graubart (State Bar No. 42250)
*info@jlgraubart.com*
800 East Colorado Boulevard, Suite 840
Pasadena, California 91101-2173
Telephone:  (626) 304-2800
Facsimile:  (626) 381-9601

Attorneys for Plaintiff
RICHARD FRIEDMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| RICHARD FRIEDMAN, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HANS ZIMMER, individually, and doing business as REMOTE CONTROL SONGS; TWENTIETH CENTURY FOX FILM CORPORATION; FOX SEARCHLIGHT PICTURES, INC.; FOX ENTERTAINMENT GROUP, INC.; NEW REGENCY PRODUCTIONS, INC.; MONARCHY ENTERPRISES, S.A.R.L., individually, and doing business as REGENCY ENTERPRISES; RIVER ROAD ENTERTAINMENT, LLC; PLAN B ENTERTAINMENT, INC.; REMOTE CONTROL PRODUCTIONS, INC.;SONY MUSIC ENTERTAINMENT; IMAGEM PRODUCTION MUSIC LLC, individually, and doing business as 5 ALARM MUSIC and also doing business as CYPRESS CREEK MUSIC; DOES ONE through TEN, inclusive,<br><br>                    Defendants. | Case No. 2:15-CV-00502 GHK €<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: (1) COPYRIGHT INFRINGEMENT; (2) UNFAIR COMPETITION: LANHAM ACT (15 U.S.C. §1121, 1125(a)); (3) VIOLATION OF MORAL RIGHTS; (4) BREACH OF TRUST/BREACH OF IMPLIED OBLIGATION; AND (5) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**[DEMAND FOR JURY TRIAL]** |

Blecher Collins Pepperman & Joye

Plaintiff Richard Friedman ("Plaintiff") files this Complaint against the above-named defendants ("Defendants") to secure damages and injunctive and declaratory relief, and demanding trial by jury, claims and alleges:

## I.

## SUMMARY OF THE CASE

1.      This Complaint seeks legal and equitable relief against all Defendants, except Imagem Production Music, LLC ("Imagem"), for the first five claims for relief: copyright infringement, violation of moral rights, and unfair competition, *i.e.,* misrepresentation/false advertising under Section 43(a) of the Lanham Act, [15 U.S.C. § 1125] arising out of their unauthorized use of Plaintiff's copyrighted music in the soundtrack for the film, *12 Years a Slave* (hereinafter, "*12YAS*").  The sixth and seventh claims, seeking damages and equitable relief, allege breach of the implied obligation and breach of implied covenant of good faith and fair dealing. The breach of implied covenant of good faith and fair dealing relate to Imagem's assertion of the obligations arising out of Plaintiff's contract with Imagem's predecessor, ABACO Productions, Inc., solely against Defendant Imagem, the legal owner of the copyrighted music in which Plaintiff holds a beneficial interest. Plaintiff alleges that Defendant Imagem breached its obligation to protect the copyrighted music for which it is the legal owner, and did so in a way that could permit Plaintiff's copyrighted Composition to be infringed by others, thus depriving Plaintiff of his right to royalties.  *See, e.g., Cortner v. Israel*, 732 F.2d 267, 272 (2d Cir. 1984) , citing with approval *Manning v. Miller Music Co.,* 174 F. Supp. 192, 195-97 S.D.N.Y. 1959), and *Hoffman v. Santley-Joy, Inc*., 51 F. Supp. 778. 778-779 (S.D.N.Y. 1943).  ("Otherwise the beneficial owner's interest in the copyright could be diluted or lessened by a wrongdoer's infringement." *Cortner*, 732 F. 2d at 272.)

Blecher Collins
Pepperman & Joye

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Blecher Collins
Pepperman & Joye

## II.

## JURISDICTION AND VENUE

2.      The first and second claims for relief of this First Amended Complaint is filed and  instituted under the Copyright Act, 17 U.S.C. §101, *et seq*.  to recover damages, and injunctive and declaratory relief against all of the above-named Defendants, except for Imagem for their past and continuing violations   The third claim for relief seeks damages and injunctive relief under Sections 39 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a).   This Court has jurisdiction over these claims arising under federal law pursuant to 28 U.S.C. § 1331.

3.      This Court has original and exclusive jurisdiction over the subject matter of this civil action under the Copyright Act 17 U.S.C. §§ 411 and 501, and 15 U.S.C. § 1125(a).  Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the substantially related state law breach of contract claim that forms part of the same case or controversy.  Defendants transact business on a systematic and continuous basis within this District and may be found here within the meaning of 28 U.S.C. §1391(b) and §1400.  Further, many of the infringing and unlawful acts were performed and occurred within this District.

## III.

## THE PARTIES

4.      Plaintiff Richard Friedman, an individual, is a resident of the City and County of Los Angeles, California.

5.      Plaintiff is informed and believes and thereon alleges that Defendant Hans Zimmer, is an individual, and is also doing business as Remote Control Songs (hereinafter, collectively, "Zimmer"), and is a resident of the County of Los Angeles, California.

6.      Plaintiff is informed and believes and thereon alleges that Defendant Twentieth Century Fox Film Corporation (hereinafter "Fox") is a Delaware

1  corporation, qualified to do business in California, having a place of business at
2  10201 West Pico Boulevard, Los Angeles, California.

3      7.    Plaintiff is informed and believes and thereon alleges that Defendant
4  Fox Searchlight Pictures, Inc. (hereinafter "Searchlight") is a Delaware corporation,
5  qualified to do business in California, and having a principal place of business at
6  10201 West Pico Boulevard, Los Angeles, California.

7      8.    Plaintiff is informed and believes and thereon alleges that Defendant
8  Fox Entertainment Group, Inc. (hereinafter "FEG") is a Delaware corporation,
9  qualified to do business in California, and having a principal place of business at
10  10201 West Pico Boulevard, City of Los Angeles, State of California.

11      9.    Plaintiff is informed and believes and thereon alleges that Defendant
12  New Regency Productions, Inc. (hereinafter "New Regency") is a California
13  corporation, having a principal place of business at 1801 Century Park West, Los
14  Angeles, California.

15      10.    Plaintiff is informed and believes and thereon alleges that Defendant
16  Monarchy Enterprises S.a.r.L. (hereinafter, collectively, "Monarchy") is a
17  Luxembourg corporation, not qualified to do business in California, but it is doing
18  business at 1801 Century Park West, Los Angeles, California, under the trade name
19  Regency Enterprises.

20      11.    Plaintiff is informed and believes and thereon alleges that Defendant
21  River Road Entertainment, LLC (hereinafter "River Road") is a Minnesota
22  corporation qualified to do business in California, and having a principal place of
23  business at 2000 Avenue of the Stars, Suite 620, Los Angeles, California.

24      12.    Plaintiff is informed and believes and thereon alleges that Defendant
25  Plan B Entertainment, Inc. (hereinafter "Plan B") is a California corporation, having
26  a principal place of business at 10201 West Pico Boulevard, Los Angeles,
27  California.

28

Blecher Collins Pepperman & Joye

Blecher Collins
Pepperman & Joye

13.     Plaintiff is informed and believes and thereon alleges that Defendant Remote Control Productions, Inc., is a California corporation, with its principal place of business at 1547 14th Street, Santa Monica, California, 90404.

14.     Plaintiff is informed and believes and thereon alleges that Defendant Sony Music Entertainment (hereinafter "Sony") is a Delaware general partnership, having a principal place of business at 9830 Wilshire Boulevard, Beverly Hills, California.

15.     Defendant Imagem Production Music LLC  ("Imagem"), is a New York corporation, not qualified to do business in California, but doing business in California as 5 Alarm Music, and also doing business in California as Cypress Creek Music, at 44 West Green Street, Pasadena, California.  Plaintiff is informed and believes, and thereon alleges that Imagem is the successor-in-interest to ABACO Productions, Inc. ("ABACO"), the original copyright claimant to *To Our Fallen.* Imagem, the legal owner of the copyright, has refused, after demand, to sue the other Defendants.

16.     Plaintiff does not know the true names of Defendants designated as Does 1 through 50, inclusive, and therefore sues them by said fictitious names. Plaintiff is informed and believes that said fictitiously named Defendants are responsible in some manner for Plaintiff's damage herein, and will amend this complaint to allege their true names when ascertained.  Plaintiff is informed and believes, and thereon alleges that, in doing the acts herein alleged, each Defendant was the agent, employee, co-conspirator and/or attorney for each co-defendant, and each was acting within the scope of said agency, employment and/or conspiracy.

## IV.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

### (Against All Defendants Except SME and Imagem)

-4-

17.     Plaintiff incorporates paragraphs 1 through 16 herein, as if fully set forth.

18.     In or about 2004, Plaintiff wrote and composed a musical composition entitled *To Our Fallen* (hereinafter referred to as "the Composition").

19.     In or about March 4, 2004, Plaintiff and ABACO, a commercial music library, entered into a written agreement by which Plaintiff assigned the legal ownership of the Composition to ABACO, but retained a beneficial interest in the copyright.

20.     In or about May, 2004, ABACO caused to be recorded a derivative work of the Composition which was included in a recorded music sampler entitled *American Heart*, containing the Composition and additional compositions by Plaintiff, as well as other compositions by a second composer.  That sound recording was widely distributed in or about 2004, and, thus, (i) the Composition and (ii) the sound recording of *To Our Fallen* contained therein (hereinafter referred to as the "Sound Recording") were published at that time.

21.     In 2006, ABACO, applied for and was issued by the Register of Copyrights a Certificate of Registration of a Claim to Copyright in and to the Composition and the Sound Recording, No. SR 392-592.  Plaintiff is the beneficial owner of the Composition and the Sound Recording.

22.     The Composition and the Sound Recording were embodied in the episode of the television show *Desperate Housewives* entitled "The Juiciest Bites—In Memoriam,"  aired on the ABC Television Network in April, 2008, and October, 2009.  Plaintiff is informed and thereon alleges that the string overdub portions of the music for "The Juiciest Bites—In Memoriam" was recorded at Remote Control Productions, a recording facility owned in whole or in part by Defendant Hans Zimmer, as was all or most of the musical score for *12YAS*.  The foregoing is compelling evidence of access by Defendants to the Composition.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

23.     In or about 2013, Defendants produced and distributed the motion picture *12YAS* in the United States and throughout the world.  *12YAS* reproduced and embodied musical compositions and cues ostensibly composed by Defendant Zimmer, including, *inter alia*, the main musical theme entitled *Solomon Northup*. Later in 2013, *12YAS* received widespread critical acclaim, and was named the best film of 2013 by several media outlets.  The film was awarded the Golden Globe Award for the Best Motion Picture—Drama, the British Academy of Film and Television Arts ("BAFTA") recognized it with the Best Film Award, and it went on to win the Academy of Motion Picture Arts and Sciences Best Picture of the Year "Oscar."  Zimmer was nominated for the Golden Globe award for the best musical score of 2013 for *12YAS*, his purported creation.  *12YAS* has generated substantial worldwide profits for all of the Defendants.

24.     Notably, (a) the main theme, *Solomon Northup*, (b) the music for the closing credits, and (c) eleven of the other musical cues embodied in *12YAS* are based upon, and substantially similar to, the Composition and infringe Plaintiff's rights in and to the Composition., but neither Plaintiff, nor any other person or entity in privity with Plaintiff, has been asked by Defendants, at any time, for permission to use or license Plaintiff's Composition in *12YAS*.

25.     Plaintiff is informed and believes that Defendant Hans Zimmer claims that he owns and/or controls all of the musical score and cues embodied in *12YAS*, and based on Zimmer's false claims, the other Defendants, erroneously, and in violation of the moral rights of Plaintiff pursuant to the copyright laws of the numerous foreign nations where the motion picture and the phonorecord of *12YAS* have been distributed and exhibited, have credited Defendant Zimmer, rather than Plaintiff, as the composer of the Composition.

26.     The foregoing conduct of Defendants, in copying protected elements of Plaintiff's works, is without any authorization or license from Plaintiff, and, therefore, constitutes copyright infringement of the Composition.  Plaintiff seeks, as

-6-
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  damages, appropriate amounts to be determined at trial, according to 17 U.S.C.

2  §501, *et seq.*, from each of the Defendants named herein for each such infringement.

3  Pursuant to 17 U.S.C. §504, Plaintiff is entitled to recover the actual damages

4  suffered as a result of the infringement, and any profits of the Defendants that are

5  attributable to the infringement, or, at Plaintiff's election, for statutory damages.

6      27.    Defendants' infringing conduct has also caused and is causing

7  substantial and irreparable injury and damage to Plaintiff in an amount not capable

8  of determination, and, unless restrained, will cause further irreparable injury, leaving

9  plaintiff with no adequate remedy at law.  Plaintiff accordingly requests injunctive

10  relief pursuant to 17 U.S.C. §502.

11              **SECOND CLAIM FOR RELIEF**

12                **(Copyright Infringement)**

13                **(Against Defendant SME)**

14      28.    Plaintiff incorporates paragraphs 1 through 27 herein, as if fully set

15  forth.

16      29.    Plaintiff is informed and believes and thereon alleges that the musical

17  score for *12YAS*, including material portions of Plaintiff's Composition were

18  reproduced and distributed on phonorecords by Defendant Sony Music

19  Entertainment ("SME") through its division, Columbia Records.  Plaintiff is

20  informed and believes, and thereon alleges, that SME licensed, and distributed

21  throughout the United States and many countries of the world, and sold many

22  hundreds of thousands of copies of the phonorecord embodying the "soundtrack"

23  music from *12YAS*, which includes the Composition.

24      30.    The foregoing conduct of Defendant SME and the other Defendants  is

25  without any authorization or license from Plaintiff, and, therefore, constitutes

26  copyright infringement as to the Composition.  Plaintiff seeks, as damages,

27  appropriate amounts to be determined at trial according to 17 U.S.C. §501, *et seq.*,

28  from defendant SME, and the other Defendants for their infringement.  Pursuant to

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Blecher Collins
Pepperman & Joye

1    17 U.S.C. §504, Plaintiff is entitled to recover the actual damages suffered as a
2    result of the infringement of the Composition, and any profits of the Defendants that
3    are attributable to the infringement, or, at Plaintiff's election, for statutory damages.

4         31.    Defendants' infringing conduct has also caused and is causing
5    substantial and irreparable injury and damage to Plaintiff in an amount not capable
6    of determination, and, unless restrained, will cause further irreparable injury, leaving
7    Plaintiff with no adequate remedy at law.  Plaintiff accordingly requests injunctive
8    relief pursuant to 17 U.S.C. §502.

9                        **THIRD CLAIM FOR RELIEF**
10   **(For Violation of Section 43(A) of the Lanham Act (15 U.S.C. § 1125(a))**
11              **(Unfair Competition and Misrepresentation**
12                 **Against All Defendants Except Imagem)**

13        32.    Plaintiff incorporates paragraphs 1 through 31 herein, as if fully set
14   forth.

15        33.    Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) prohibits a
16   competitor from engaging in commercial advertising, marketing, or promotion that
17   "misrepresents the nature, characteristics, qualities, or geographic origin of" its own
18   or a competitor's "goods, services, or commercial activities."  The Lanham Act also
19   prohibits a competitor from making "any false designation of origin, false or
20   misleading description of fact or false or misleading representation of fact which  . .
21   . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,
22   connection, association . . .  as to the origin, sponsorship, or approval of" its own
23   "goods, services, or commercial activities."  (15 U.S.C. § 1125(a))

24        34.    The Lanham Act is intended to provide protection against a myriad of
25   false, misleading, and deceptive commercial practices.  It was enacted to protect
26   against unfair competition.  One of the Lanham Act's main purposes is to prevent a
27   competitor from misleading the public by placing their competitor's work forward
28   as its own.  It is a remedial statute that is to be broadly applied and construed so as

Blecher Collins
Pepperman & Joye

-8-
FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

to effectuate its remedial purpose. §43(a)(1)(B) of the Lanham Act, (15 U.S.C. §1125(a)(1)(B)), specifically prohibits the use of false descriptions and false designations of origin when advertising or promoting goods or services in commerce   Liability under § 43(a) may arise for a false description or representation even though no trademark is involved.

35.     Pursuant to § 43(a)(1)(B) of the Lanham Act Defendants have misrepresented the nature, characteristics and the qualities of Defendant Zimmer's services.  The acts and activities by Defendants and those acting in concert with them as set forth above,  constitute unfair competition with Plaintiff

36.     Within the relevant time period and up through the filing of this action, and on a continuing basis, Defendants, have exhibited, distributed, advertised, and promoted the movie *12YAS* , which Plaintiff alleges infringes on his Composition throughout the United States and the rest of the world.  Defendants, and in their advertisements and promotional materials, have falsely credited and represented that (a) the main theme from *12YAS*, Solomon Northup,  and (b) twelve of the other musical cues embodied in *12YAS* is owned and/or controlled by Defendant Zimmer. The applicable misrepresentation in Defendants' advertising and promotional materials reads: "MUSIC BY HANS ZIMMER" rather than "MUSIC BY RICHARD FRIEDMAN."

37.     Plaintiff, nor any other person or entity in privity with Plaintiff, has authorized or consented to any request by Defendants to use or license Plaintiff's Composition in *12YAS*.

38.     Defendants knew, or had reason to believe, that these representations in commercial advertising and promotion throughout the United States and numerous foreign nations crediting Defendant Zimmer with ownership of the works in *12YAS* were false or misleading, and were likely to, and did cause a substantial segment of viewers of the film to be deceived, confused, and/or mistaken about the nature, source, characteristics, qualities, and/or origin of the music embodied in *12YAS*.

-9-

39.     Defendants' actionable and wrongful conduct has caused commercial and competitive injury to Plaintiff.  Commercial injury is generally presumed when Plaintiff and Defendant Zimmer, as here, are direct competitors   and the defendant's misrepresentations and misattributions have a tendency to mislead.

40.     Defendants' false, deceptive, and misleading practices have been disseminated throughout the United States and throughout the world and thus have affected a substantial volume of interstate commerce.

41.     By reason of, and as a direct and proximate result, of Defendants' false, deceptive, confusing, and misleading practices and conduct, Plaintiff has suffered, and will continue to suffer, financial injury to its business and property.  As a result, Plaintiff has been deprived of revenues and profits it otherwise would have made and sustained a loss of goodwill.

42.     Plaintiff has not yet calculated the precise extent of its past damages and cannot now estimate with precision the further damages which continue to accrue, but when Plaintiff does so, it will seek leave of the Court to insert the amount of the damages sustained herein.

### FOURTH CLAIM FOR RELIEF FOR COPYRIGHT
### (Infringement and Violation of Moral Rights Under the Copyright Law
### of the Federal Republic of Germany)
### (Against All Defendants Except Imagem)

43.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 42, inclusive of the First Amended Complaint above, with the same force and effect as though set forth completely herein.

44.     At all times herein mentioned, there was in full force and effect in the Federal Republic of Germany the German Copyright Statute of 1965, as amended July 16, 1998, which provides [in its English language translation], in pertinent part:

Blecher Collins
Pepperman & Joye

-10-

13.     Recognition of Authorship—

The author shall have the right of recognition of his authorship of the work.  He can determine whether the work is to bear an author's designation and what designation is to be used.

14.     Distortion of the Work—

The author shall have the right to prohibit any distortion or any other mutilation of his work which would prejudice his lawful intellectual or personal interests in the work.

15.     General—

The author shall have the exclusive right to exploit his work in material form; the right shall comprise in particular:

    1.      the right of reproduction (Article 16)

    2.      the right of distribution (Article 17)

    3.      the right of broadcast (Article 20).

97. Actions for Injunction and Damages—

As against any person who infringes a copyright or any other right protected by this Law, the injured party may bring an action for injunctive relief requiring the wrongdoer to cease and desist if there is a danger of repetition of the acts of infringement, as well as an action for damages if the infringement was intentional or the result of negligence.  In place of damages, the injured party may require surrender of the profits derived by the infringer from the acts of infringement together with detailed accounting reflecting such profits.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Blecher Collins
Pepperman & Joye

> Authors, including...performers (Section 73) may, if the infringement was intentional or the result of negligence, recover, as justice may require, a monetary indemnity for the injury caused to them even if no pecuniary loss has occurred.

45.     Plaintiff requests that the Court take notice of the German Copyright Statute and award damages to plaintiffs for copyright infringement as well for the violation of Plaintiff's moral rights under the German Copyright Act.

<u>**FIFTH CLAIM FOR RELIEF FOR COPYRIGHT**</u>
**(Infringement and Violation of Moral Rights**
**Under the Copyright Law of the Federal Republic of France)**
**(Against All Defendants Except Imagem)**

46.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 45, inclusive of the First Amended Complaint above, with the same force and effect as though set forth completely herein.

47.     At all times herein mentioned, there was in full force and effect in the Republic of France the Code of Intellectual Property of 1992, as amended October 1, 2010, which provides [in its unofficial English language translation], in pertinent part:

Article L121-1.  An author shall enjoy the right to respect for his name, his authorship and his work.  This right shall attach to his person.  It shall be perpetual, inalienable and imprescriptible.

Article L121-2.  The author alone shall have the right to divulge his work.  He shall determine the method of disclosure and shall fix the conditions  thereof….

Article L122-1.  The right of exploitation belonging to the author shall comprise the right of performance and the right of reproduction.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

48.     Plaintiff requests that the Court take notice of the French Intellectual Property Code and award damages to Plaintiff for copyright infringement as well for the violation of Plaintiff's moral rights under the French Intellectual Property Code.

### SIXTH CLAIM FOR RELIEF

### (Breach of Trust/Breach of Implied Obligation)

### (Against Defendant Imagem)

49.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 48 inclusive of the First Amended Complaint above with the same force and effect as though set forth completely herein.

50.     As set forth in Paragraph 19, *supra*, in or about March 4, 2004, Plaintiff and ABACO, a commercial music library, entered into a written agreement by which Plaintiff assigned the legal ownership and all exclusive rights of the Composition to ABACO, but retained a beneficial interest in the copyright, *i.e., inter alia*, the payment of certain royalties (the "Contract").  Defendant Imagem, doing business as 5 Alarm Music, is the successor-in-interest to ABACO and assumed the obligations arising out of the ABACO contract with Plaintiff.

51.     "When a composer assigns copyright title to a publisher in exchange for the payment of royalties, an equitable trust relationship is established between the two parties which gives the composer standing to sue for infringement of that copyright. *Cortner v. Israel,* 732 F. 2d 267, 271 (2d Cir. 1984) (citing cases with approval, including *Manning v. Miller Music Corp.* 174 F. Supp. 192, 195-97 (S.D.N.Y. 1959)).  Otherwise the beneficial owner's interest in the copyright could be diluted or lessened by a wrongdoer's infringement."

52.     By virtue of their contractual arrangement, there is a relationship of trust and confidence between Plaintiff and Defendant Imagem.  The law implies a promise on Defendant Imagem's part to endeavor to make Plaintiff's copyrighted Composition productive because that is the very purpose of the assignment of

-13-

Blecher Collins
Pepperman & Joye

literary rights and the correlative obligation to pay royalties.  Defendant Imagem is, therefore, obligated to exercise good faith towards Plaintiff and to not take action that dilutes Plaintiff's copyrighted Composition.

53.     On information and belief, Defendant Imagem has and continues to promote and support musical work of Defendant Zimmer.  Additionally, Imagam refused to participate in this action as a co-plaintiff, disclaiming any interest in pursuing this matter or assisting Plaintiff to protect his rights as the beneficial owner of the copyrighted Composition.

54.     Defendant Imagem has breached its duty of trust and implied obligation to Plaintiff.  As a result, Imagem continues to interfere with and injure Plaintiff's ability to receive the fruits of the Contract with ABACO, for which Imagem is the successor-in-interest.

55.     As a direct and proximate result of Defendant Imagem's breach of trust and implied obligation to protect Plaintiff's Copyright, Plaintiff's property and business has been injured and damage in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

### (Against Defendant Imagem)

56.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 55 inclusive of the First Amended Complaint above with the same force and effect as though set forth completely herein.

57.     On or about March 4, 2004, as alleged in Paragraph 19, *supra*, Plaintiff entered into a written contract with ABACO, a commercial music library, by which Plaintiff assigned the legal ownership of the Composition to ABACO, but retained a beneficial interest in the copyright.  ABACO was acquired and/or purchased by Defendant Imagem sometime thereafter and assumed ABACO's obligations under the contract with Plaintiff.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

58.     Implied in the contract with ABACO was a covenant of good faith and fair dealing that ABACO would not do anything deliberately to deprive Plaintiff of the benefits flowing from the contract with ABACO.  Notwithstanding Defendant Imagem's equitable obligations to Plaintiff, as set forth by the *Cortner* Court in the previous Claim for Relief, when asked by Plaintiff to join as a co-plaintiff in this action, Defendant Imagem, in a letter to Plaintiff dated March 17, 2015 (the "Letter") refused to do so.  Although Plaintiff's preliminary musicologist report by James DiPasquale (the "Report") in which he expressed his expert opinion of "striking similarities" between of Plaintiff's copyrighted Composition, *To Our Fallen,* and the music used by Defendants in *12YAS* was shared with Defendant Imagem on or about  January 31, 2015, over six weeks had elapsed since Defendant Imagem had been provided with the Report, but nevertheless Defendant Imagem advised that it "would need to have its own musicologist analyze the works in order to reach a conclusion on that issue."  Plaintiff believes and thereon alleges hereon that Defendant Imagem's failure to do so during the intervening six week period is evidence of an implied breach of the Contract by Defendant Imagem.

59.     Then, (i) without undertaking its own investigation of the facts underlying Plaintiff's Complaint (in which Defendant Imagem had been asked by Plaintiff to participate as a co-plaintiff as early as October, 2014), and (ii) in light of the mandate of Rule 19(a) Fed. R. Civ. P. specifying: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party  if…(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:…(ii) leave an existing party of incurring double, multiple, or otherwise inconsistent obligations because of the interest," Defendant Imagem, in further evidence of its breach of implied faith and fair dealing of the ABACO contract for which it assumed ABACO's obligations, stated in the Letter:(a) "5 Alarm has repeatedly disclaimed any interest in pursuing this matter and would

Blecher Collins
Pepperman & Joye

1  agree not to sue Defendants, eliminating any possibility of further litigation based

2  on the claims at issue here"  and (b) "If Mr. Friedman were to recover damages from

3  Defendants, 5 Alarm's proper redress would be from *Mr. Friedman* [emphasis in

4  original] not Defendants." " It has been held that in every contract whereby rights

5  under a copyright are transferred or licensed, 'there is an implied covenant that

6  neither party shall do anything which will have the effect of destroying or injuring

7  the right of the other party to receive the fruits of the contract, which means that in

8  every contract there exists an implied covenant of good faith and fair

9  dealing….Whenever the grantor reserves any rights in the work, there is, absent a

10  clearly express intent to the contrary, an implied covenant, by the grantee, that he

11  will, in the course of exercising his rights under the grant, protect the rights reserved

12  to the grantor by taking whatever steps are necessary to preserve the copyright in the

13  work." 3 NIMMER, COPYRIGHT § 10.11[A],[B].

14       60.    By means of Defendant Imagem's breaches of trusts described herein,

15  Imagem has intentionally and unjustifiably injured, and continues to interfere with

16  and injure, Plaintiff's ability to receive the fruits of the Contract. with ABACO,

17  which Imagem is the successor-in-interest.

18       61.    As a direct and proximate result of Defendant Imagem's breach of the

19  covenant of good faith and fair dealing with respect to its assumption of the

20  ABACO contract, Plaintiff's property and business has been injured and damaged in

21  an amount to be determined at trial.

22                         **V.**

23             **PRAYER FOR RELIEF**

24       WHEREFORE, Plaintiff prays for judgment as follows:

25       1.    On the First and Second Claims for Relief, for actual damages and

26  profits, according to proof, or, in the alternative, for statutory damages, based upon

27  17 U.S.C. §504;

28       2.    On the Second Claim for Relief, for damages according to proof;

Blecher Collins
Pepperman & Joye

3.    On the Third Claim for Relief, for damages according to proof;

4.    On the Third Claim for Relief, for treble damages, pursuant to 15 U.S.C. §1117(a), according to proof;

5.    On the Fourth and Fifth Claims for Relief  that each Defendant be required to pay to Plaintiff such damages and profits as provided by the German Copyright Statute of 1965 and the French Intellectual Property Code of 1992, as amended October 1, 2010,  for each separate infringement of Plaintiff's Composition;

6.    On the First, Second, Third, Fourth, and Fifth Claims for Relief, that each of the Defendants, and each of them, their officers, agents, servants, employees and all persons, firms, corporations, and associations in active concert or participation with them, be enjoined during the pendency of this action and permanently from:

(a)    Producing, exhibition, publicly displaying, licensing, manufacturing, distributing, selling, or in any way using or transferring the copyrighted portions of the Works and that all videograms and phonorecords embodying the copyrighted portions of the Works be delivered up and destroyed as the Court shall direct pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118; and

(b)     Issuing any advertising or promotional material, making public statements or otherwise representing that any portion of the Composition will be in any manner be associated with, authorized by, or sponsored by Defendant Zimmer; and

7.    On the Sixth and Seventh Claims for Relief, for (i) actual damages according to proof for Defendant Imagem's material breach of contract and (ii) a declaratory judgment that based on Defendant Imagem's material breach of trust, that the legal ownership in and to copyright in the Composition be returned to Plaintiff by reassignment by Defendant Imagem to Plaintiff, and that the copyrighted Composition be revested in Plaintiff;

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Blecher Collins
Pepperman & Joye

8.      For a declaratory judgment that Plaintiff is the legal owner of (a) *Solomon Northup*, and (b) all other twelve musical cues embodied in the videograms and phonorecords of *12YAS*, and that all thirteen (13) of these musical compositions are based on *To Our Fallen*;

9.      An award of costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a);

10.     An award of pre-judgment and post judgment interest against all Defendants ; and

11.     For any further relief the Court should deem just and proper.


Dated:  March 23, 2015          BLECHER COLLINS PEPPERMAN & JOYE, P.C.
                                MAXWELL M. BLECHER
                                DONALD R. PEPPERMAN
                                JENNIFER S. ELKAYAM


                                By:     \s\ *Maxwell M. Blecher*
                                        Maxwell M. Blecher
                                        Attorneys for Plaintiff
                                        RICHARD FRIEDMAN


Dated:  March 23, 2015          LAW OFFICES OF JEFFREY GRAUBART, P.C.
                                JEFFREY L. GRAUBART


                                By:     */s/ Jeffrey L.Graubart*
                                        Jeffrey L. Graubart
                                        Attorneys for Plaintiff
                                        RICHARD FRIEDMAN

-18-

1

2

## **DEMAND FOR JURY TRIAL**

3

Plaintiff hereby demands a jury trial as provided for pursuant to Fed. R. Civ. P. 38, and Local Rule 38-1.

4

5

6    Dated:  March 23, 2015          BLECHER COLLINS PEPPERMAN & JOYE, P.C.
                                       MAXWELL M. BLECHER
7                                      DONALD R. PEPPERMAN
                                       JENNIFER S. ELKAYAM
8

9

10                                   By: _____
                                           \s\ Maxwell M. Blecher
11                                         Maxwell M. Blecher
                                           Attorneys for Plaintiff
12                                         RICHARD FRIEDMAN

13

14   Dated:  March 23, 2015          LAW OFFICES OF JEFFREY GRAUBART, P.C.
                                       JEFFREY L. GRAUBART
15

16

17                                   By: _____
                                            /s/ Jeffrey L.Graubart
18                                         Jeffrey L. Graubart
                                           Attorneys for Plaintiff
19                                         RICHARD FRIEDMAN

20
     72280.1
21

22

23

24

25

26

27

28

-19-

Blecher Collins Pepperman & Joye