KENDALL BRILL & KLIEGER LLP
Bert H. Deixler (70614)
  bdeixler@kbkfirm.com
Robert N. Klieger (192962)
  rklieger@kbkfirm.com
Joshua W. Sussman (294695)
  jsussman@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Defendants Hans Zimmer, individually and doing business as Remote Control Songs, Twentieth Century Fox Film Corporation, Fox Searchlight Pictures, Inc., Fox Entertainment Group, Inc., New Regency Productions, Inc., River Road Entertainment, LLC, Plan B Entertainment,, Inc., Remote Control Productions, Inc., and Sony Music Entertainment

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RICHARD FRIEDMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HANS ZIMMER, individually, and doing business as Remote Control Songs; TWENTIETH CENTURY FOX FILM CORPORATION; FOX SEARCHLIGHT PICTURES, INC.; FOX ENTERTAINMENT GROUP, INC.; NEW REGENCY PRODUCTIONS, INC.; MONARCHY ENTERPRISES, S.A.R.L., individually, and doing business as REGENCY ENTERPRISES; RIVER ROAD ENTERTAINMENT, LLC; PLAN B ENTERTAINMENT, INC.; REMOTE CONTROL PRODUCTIONS, INC; SONY MUSIC ENTERTAINMENT; DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:15-CV-00502 GHK (Ex)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF <u>AMENDED</u> MOTION TO DISMISS FIRST, THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF IN FIRST AMENDED COMPLAINT; DECLARATION OF ROBERT N. KLIEGER**<br><br>Judge: Hon. George H. King<br>Date: May 18, 2015<br>Time: 9:30 a.m.<br>Crtrm.: 650 |

238207.1

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   BACKGROUND .................................................................................................2

III.  LEGAL STANDARD .........................................................................................3

IV.  ARGUMENT ......................................................................................................3

    A.    Plaintiff's First Claim For Relief, For Alleged Copyright Infringement, Does Not Satisfy Rule 8 .........................................................3

    B.    Plaintiff's Third Claim For Relief, For Alleged Violation Of The Lanham Act, Is Precluded By *Dastar* ..................................................6

    C.    Plaintiff Has Not Adequately Pled His Fourth And Fifth Claims For Relief, For Alleged Violations Of Moral Rights ..............................8

V.   CONCLUSION .................................................................................................10

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

238207.1

i

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

# TABLE OF AUTHORITIES

**Cases**

*Agence France Presse v. Morel*,
   769 F. Supp. 2d 295 (S.D.N.Y. 2011) ................................................................ 6

*Albrecht v. Lund*,
   845 F.2d 193 (9th Cir. 1988) .............................................................................. 6

*Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, PLC*,
   467 F. Supp. 2d 394 (S.D.N.Y. 2006) ................................................................ 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................ 3, 4

*Baden Sports, Inc. v. Molten USA, Inc.*,
   556 F.3d 1300 (Fed. Cir. 2009) .......................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 3, 4

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003) .......................................................................................... 2, 5

*Eberhard Architects, LLC v. Bogart Architecture, Inc.*,
   2014 WL 4354561 (N.D. Ohio Aug. 29, 2014) ................................................. 4

*Fahmy v. Jay-Z*,
   788 F. Supp. 2d 1072 (C.D. Cal. 2011) ............................................................. 7

*Flores v. EMC Mortg. Co.*,
   997 F. Supp. 2d 1088 (E.D. Cal. 2014) ............................................................. 3

*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) .................................................................. 3

*In re Providian Fin. Corp. ERISA Litig.*,
   2002 WL 31785044 (N.D. Cal. Nov. 14, 2002) ................................................ 4

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
   153 F.3d 82 (2d Cir. 1998) ................................................................................ 7

*ITSI T.V. Prods., Inc. v. Cal. Auth. of Racing Fairs*,
   785 F. Supp. 854 (E.D. Cal. 1992) .................................................................... 8

*Kelley v. Chicago Park Dist.*,
   635 F.3d 290 (7th Cir. 2011) ............................................................................. 7

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) .................................................................................. 3

*Roberts v. Keith*,
   2009 WL 3572962 (S.D.N.Y. Oct. 23, 2009) .......................................................... 4

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .................................................................................. 2

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*,
   24 F.3d 1088 (9th Cir. 1994) .................................................................................. 4

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) .................................................................................. 3

**Statutes**

15 U.S.C. § 1125 ............................................................................................... 5, 6, 9

17 U.S.C. § 106 ......................................................................................................... 4

17 U.S.C. § 106A ...................................................................................................... 7

17 U.S.C. § 501 ......................................................................................................... 3

**Rules**

Fed. R. Civ. Proc. 8 ............................................................................................. 3, 4

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

238207.1

iii

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

## I. INTRODUCTION

Plaintiff Richard Friedman ("Plaintiff") claims that the musical score for the motion picture *12 Years a Slave* (the "Film" or "*12YAS*") infringes the copyright in his musical composition entitled *To Our Fallen* (the "Composition"). Plaintiff has named as defendants ten individuals and entities allegedly involved in various aspects of the financing, production, and distribution of the Film and its soundtrack album. In addition, Plaintiff has sued the legal owner of the Composition—Imagem Production Music LLC ("Imagem"), to which Plaintiff transferred his copyright interest—alleging that Imagem violated duties owed to Plaintiff when it concluded there had been no infringement and refused to join as a plaintiff in this action. This motion to dismiss is filed on behalf of Defendants Hans Zimmer, individually and doing business as Remote Control Songs, Twentieth Century Fox Film Corporation, Fox Searchlight Pictures, Inc., Fox Entertainment Group, Inc., New Regency Productions, Inc., River Road Entertainment, LLC, Plan B Entertainment, Inc., Remote Control Productions, Inc., and Sony Music Entertainment (hereafter, "Defendants").

Plaintiff's first claim for relief, for alleged copyright infringement under the U.S. Copyright Act, fails to identify each Defendant's allegedly infringing activities. Instead, Plaintiff lumps together all ten Defendants and generically alleges that they "produced and distributed the [Film] in the United States and throughout the world." FAC ¶ 23. Because neither involvement in the production of the Film nor distribution of the Film outside the United States is actionable under the Copyright Act, Plaintiff's shotgun pleading fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff's third claim for relief, for alleged violation of section 43(a) of the Lanham Act, is based on allegedly false representations, in advertisements and promotional materials for the Film, that the Film's score was composed by Hans Zimmer rather than Plaintiff. This false authorship claim is foreclosed by the

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

238207.1

1

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

Supreme Court's holding in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

Finally, Plaintiff fails to state viable fourth and fifth claims for relief, for alleged violations of "moral rights" under the German and French copyright statutes. The nature and scope of Plaintiff's copyright interest is governed by the U.S. Copyright Act, which does not recognize moral rights in musical compositions, and not by the laws of Germany or France. Moreover, even if Plaintiff could plead viable claims under the German or French copyright statutes, those claims would properly be litigated in the courts of those nations, and not in this Court.

Accordingly, the Court should grant this motion and dismiss Plaintiff's first, third, fourth, and fifth claims for relief.

## II.   BACKGROUND[1]

Plaintiff created the Composition that is the subject of this action in or about 2004. FAC ¶ 18. Plaintiff thereafter assigned legal ownership of the Composition to ABACO, a commercial music library, but retained a beneficial interest in the copyright. *Id.* ¶ 19. In 2006, ABACO registered the copyright in the Composition. *Id.* ¶ 21.

In or about 2013, Defendants "produced and distributed the [Film] in the United States and throughout the world." *Id.* ¶ 23. Hans Zimmer is credited with composing the score for the Film, including the main theme, music for the closing credits, and 11 other musical cues. *Id.* ¶¶ 24-25. Plaintiff alleges that the Film's score infringes the copyright in the Composition. *Id.*

## III.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the

---

[1] For purposes of this motion only, Defendants accept as true the factual allegations in the First Amended Complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

238207.1

2

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Although a court must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff, it need not accept as true legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV. ARGUMENT

### A. Plaintiff's First Claim For Relief, For Alleged Copyright Infringement, Does Not Satisfy Rule 8

In his first claim for relief, Plaintiff charges nine of the ten Defendants with alleged infringement of the copyright in the Composition under the Copyright Act, 17 U.S.C. § 501, *et seq.* Plaintiff does not identify the specific infringing conduct allegedly undertaken by each individual Defendant, and he instead lumps all Defendants together under a blanket allegation that "Defendants produced and distributed the motion picture *12YAS* in the United States and throughout the world." FAC ¶ 23. That is not sufficient to state a claim.

It is well established that "[a] plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)….'" *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (quoting *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). "Specific identification of the parties to the activities alleged by the plaintiff[] is required … to enable the defendant to plead intelligently." *Id.* (internal quotation marks omitted); *see In re Providian Fin. Corp. ERISA Litig.*, 2002 WL 31785044, at *4 (N.D. Cal. Nov. 14, 2002) (holding Rule 8 not satisfied where

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

238207.1

3

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

plaintiff "lumped" defendants together and failed to allege how each allegedly breached its duties to plaintiff). In a copyright case, this requires that the plaintiff identify the specific conduct by each individual defendant that constitutes alleged infringement. *See Eberhard Architects, LLC v. Bogart Architecture, Inc.*, 2014 WL 4354561, at *3 (N.D. Ohio Aug. 29, 2014) (holding that plaintiff had not stated a claim under *Iqbal* and *Twombly* where it "lump[ed] all defendants together" and "generically claim[ed]" that each infringed its copyright). Plaintiff has not done so here.

Plaintiff's blanket allegation that "Defendants produced and distributed the motion picture *12YAS* in the United States and throughout the world" (FAC ¶ 23) does not satisfy Rule 8. In the first instance, a defendant's involvement in production of a motion picture, without more, does not render the defendant liable for copyright infringement based upon allegedly infringing material included in the film's score. Rather, Plaintiff must plead and prove that each Defendant exercised one of the exclusive rights reserved to him under 17 U.S.C. § 106. Moreover, while distribution is one of the exclusive rights reserved to the copyright owner under section 106, the Copyright Act reaches only acts of infringement occurring within the United States. *See Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994) (Copyright Act has no extraterritorial application). Therefore, just as Plaintiff cannot state an infringement claim against persons who merely produced the Film, he cannot state a claim against persons who distributed the Film only outside the United States. *Id.*; *see Roberts v. Keith*, 2009 WL 3572962, at *4 (S.D.N.Y. Oct. 23, 2009) (copyright claim did not satisfy *Iqbal* where it lumped together defendants and did not specifically alleged which defendants "engaged in domestic infringing activity").

Because Plaintiff lumps together all Defendants and fails to identify which ones allegedly distributed the Film in the United States or otherwise engaged in

238207.1

4

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

actionable infringement under the Copyright Act, Plaintiff has not adequately pled his first claim for relief.

### B. Plaintiff's Third Claim For Relief, For Alleged Violation Of The Lanham Act, Is Precluded By *Dastar*

Plaintiff's third claim for relief, for alleged violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), is based on his contention that Defendants, "in their advertisements and promotional materials [for *12YAS*], have falsely credited" Hans Zimmer as the composer of the Film's score.  FAC ¶ 36.  Specifically, Plaintiff alleges that "[t]he applicable misrepresentation in Defendants' advertising and promotional materials reads: 'MUSIC BY HANS ZIMMER' rather than 'MUSIC BY RICHARD FRIEDMAN.'" *Id*.

This claim is foreclosed by the Supreme Court's decision in *Dastar, supra*.  In *Dastar*, the Supreme Court addressed whether the term "origin" in section 43(a) of the Lanham Act could be read to refer to the *author* of a work, such as a novel, rather than to the producer of the physical good.  The Court recognized that "[t]he purchaser of a novel is interested not merely, if at all, in the identity of the producer of the physical tome (the publisher), but also, and indeed primarily, in the identity of the creator of the story it conveys (the author)." *Id.* at 33.  The Court refused, however, to accord "special treatment" to "communicative products"—that is, to read the word "origin" in the Lanham Act to cover the authors of communicative products—on the ground that such treatment would "cause[] the Lanham Act to conflict with the law of copyright, which addresses that subject specifically." *Id.* Accordingly, the Court held that that phrase "origin" in section 43(a) "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* at 37.

Plaintiffs in a number of subsequent cases have attempted to avoid *Dastar* by framing their claims as false advertising under section 43(a)(1)(B), which refers not to the "origin" of goods but instead the "nature, characteristics, [or] qualities" of the

goods.  Courts have rejected these attempts to invoke the Lanham Act's prohibition on false advertising as an end run around the copyright laws.  *See, e.g., Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir. 2009) ("[A]uthorship … is not a nature, characteristic, or quality, as those terms are used in Section 43(a)(1)(B) of the Lanham Act."); *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 307-08 (S.D.N.Y. 2011) (*Dastar* forecloses § 43(a)(1)(B) false advertising claim based on alleged misrepresentation of authorship); *Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, PLC*, 467 F. Supp. 2d 394, 400 (S.D.N.Y. 2006) ("[T]he holding in *Dastar* that the word 'origin' in § 43(a)(1)(A) refers to producers, rather than authors, necessarily implies that the words 'nature, characteristics, [and] qualities' in § 43(a)(1)(B) cannot be read to refer to authorship.").  Thus, regardless of whether Plaintiff frames his claim that Defendants have misidentified the author of the Film's score as one for false designation of origin or instead as one for false advertising, the claim simply is not cognizable under the Lanham Act.

In addition, Plaintiff's Lanham Act claim suffers from the same pleading defect as his copyright claim, in that Plaintiff lumps Defendants together and fails to identify which Defendant(s) allegedly issued the advertisements and promotional materials upon which the claim is based.  Because Plaintiff's Lanham Act claim would fail as a matter of law even if that additional specificity were provided, however, Plaintiff should not be granted leave to replead his third claim for relief.  *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (affirming dismissal without leave to amend where amendment would have been futile).

### C. Plaintiff Has Not Adequately Pled His Fourth And Fifth Claims For Relief, For Alleged Violations Of Moral Rights

Plaintiff's fourth and fifth claims for relief are for alleged violations of so-called "moral rights" under Germany's Copyright Statute of 1965 and France's Code of Intellectual Property of 1992.  FAC ¶¶ 43-48.  Plaintiff has neither pled

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

238207.1

6

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

facts sufficient to state those claims for relief nor established a basis for litigating such claims, even if adequately pled, in this Court.

The law of the country of origin determines the nature of the rights held by the author of a copyrighted work. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90-92 (2d Cir. 1998) (holding that Russian law governs nature and ownership of rights in works created by Russian nationals and first published in Russia); *Fahmy v. Jay-Z*, 788 F. Supp. 2d 1072, 1077-83 (C.D. Cal. 2011) (applying Egyptian law to determine existence and scope of moral rights where composition was created by an Egyptian national and first published in Egypt). Because the Composition appears to have been created and first published in the United States, Plaintiff's rights (if any) are limited to the exclusive rights set forth in the U.S. Copyright Act. The U.S. Copyright Act does not recognize any moral rights in connection with musical compositions. 17 U.S.C. § 106A; *see Kelley v. Chicago Park Dist.*, 635 F.3d 290, 298 (7th Cir. 2011) (moral rights under Copyright Act limited to paintings, drawings, prints, sculptures, and photographs created for exhibition in a single copy or limited edition of 200 or less). Plaintiff therefore has no moral rights to enforce.

Moreover, Plaintiff has not identified any activities occurring within either Germany or France that would be capable of infringing Plaintiff's rights, however broadly they may be defined. The First Amended Complaint alleges that the Film and its soundtrack have been distributed in "numerous foreign nations" and "many countries of the world." FAC ¶¶ 25, 29. Plaintiff does not specifically allege, however, that either the Film or its soundtrack was distributed in Germany or France, much less identify which Defendant(s) allegedly distributed the Film in those or any other foreign territories. Plaintiff cannot rely on sweeping allegations of international distribution to invoke the copyright laws of Germany, France, or any other nation.

Finally, even if Plaintiff could state a claim under the copyright laws of Germany or France, those claims would properly be litigated not in federal district court, but instead in the courts of those nations. *See ITSI T.V. Prods., Inc. v. Cal. Auth. of Racing Fairs*, 785 F. Supp. 854, 866 (E.D. Cal. 1992) ("American courts should be reluctant to enter the bramble bush of ascertaining and applying foreign law without an urgent reason to do so."), *aff'd in part, rev'd in part on other grounds*, 3 F.3d 1289 (9th Cir. 1993). Plaintiff has not pleaded even a jurisdictional basis, much less any urgent reason, for litigating his purported German and French copyright claims in this Court. Those claims should be dismissed without leave to amend.

## V.    CONCLUSION

For the foregoing reasons, Defendants request that the Court grant this motion and (1) dismiss Plaintiff's first claim for relief, for alleged copyright infringement, with leave to amend, and (2) dismiss Plaintiff's third, fourth, and fifth causes of action, for alleged violations of section 43(a) of the Lanham Act and moral rights under the copyright laws of Germany and France, without leave to amend.

DATED:  April 9, 2015                KENDALL BRILL & KLIEGER LLP

By: /s/ Robert N. Klieger
    Robert N. Klieger
    Attorneys for Defendants Hans Zimmer, individually and doing business as Remote Control Songs, Twentieth Century Fox Film Corporation, Fox Searchlight Pictures, Inc., Fox Entertainment Group, Inc., New Regency Productions, Inc., River Road Entertainment, LLC, Plan B Entertainment, Inc., Remote Control Productions, Inc., and Sony Music Entertainment

# DECLARATION OF ROBERT N. KLIEGER

I, Robert N. Klieger, declare as follows:

1. I am an attorney at the law firm of Kendall Brill & Klieger LLP, counsel of record for Defendants Hans Zimmer, individually and doing business as Remote Control Songs, Twentieth Century Fox Film Corporation, Fox Searchlight Pictures, Inc., Fox Entertainment Group, Inc., New Regency Productions, Inc., River Road Entertainment, LLC, Plan B Entertainment, Inc., Remote Control Productions, Inc., and Sony Music Entertainment in the above-captioned action. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On March 26, 2015, I sent a three-page letter via email to Plaintiff's counsel, Jeffrey L. Graubart, Esq. and Maxwell M. Blecher, Esq., discussing the issues raised in the foregoing motion and requesting the scheduling of a L.R. 7-3 conference of counsel. I did not receive any response to my letter within the time required to meet and confer under L.R. 7-3.

3. On April 4, Mr. Blecher advised me that he and his colleague, Jennifer S. Elkayam, Esq., would be available to meet and confer on April 6, and we scheduled a call for that afternoon. Rather than engage in a discussion of the issues raised in my March 26 letter, however, Mr. Blecher and Ms. Elkayam informed me during the April 6 call that they would be responding in writing to my March 26 letter.

//
//
//
//
//
//
//

238207.1

9

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

4. I received a five-page letter from Mr. Blecher, responding for the first time to the substance of the issues raised in my March 26 letter, shortly before 4:00 p.m. on April 8, one day before this motion was due.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 9, 2015, at Los Angeles, California.

/s/ Robert N. Klieger
Robert N. Klieger

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

238207.1

10

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Blvd., Suite 1725, Los Angeles, CA 90067.

On April 10, 2015, I served the foregoing document on the interested parties in this action as follows:

Maxwell M. Blecher
Donald R. Pepperman
Jennifer S. Elkayam
BLECHER COLLINS PEPPERMAN & JOYE, P.C.
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334

Jeffrey L. Graubart
LAW OFFICES OF JEFFREY L. GRAUBART, P.C.
800 East Colorado Boulevard, Suite 840
Pasadena, California 91101-2173

*Counsel for Plaintiff Richard Friedman*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 10, 2015, at Los Angeles, California.

/s/ Robert N. Klieger
Robert N. Klieger

238207.1

11

MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT N. KLIEGER