1  BLECHER COLLINS PEPPERMAN & JOYE, P.C.
   Maxwell M. Blecher (State Bar No. 26202)
2    *mblecher@blechercollins.com*
   Donald R. Pepperman (State Bar No. 109809)
3    *dpepperman@blechercollins.com*
   Jennifer S. Elkayam (State Bar No. 238619)
4    *jelkayam@blechercollins.com*
   515 South Figueroa Street, Suite 1750
5  Los Angeles, California 90071-3334
   Telephone: (213) 622-4222
6  Facsimile: (213) 622-1656

7  LAW OFFICES OF JEFFREY L. GRAUBART, P.C.
   Jeffrey L. Graubart (State Bar No. 42250)
8    *info@jlgraubart.com*
   800 East Colorado Boulevard, Suite 840
9  Pasadena, California 91101-2173
   Telephone:  (626) 304-2800
10 Facsimile:  (626) 381-9601

11 Attorneys for Plaintiff
   RICHARD FRIEDMAN

12

13                    UNITED STATES DISTRICT COURT

14        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15 RICHARD FRIEDMAN, an individual,          Case No. 2:15-CV-00502 GHK (E)

16              Plaintiff,                    **PLAINTIFF RICHARD
                                             FRIEDMAN'S MEMORANDUM
17        vs.                                 OF POINTS AND
                                             AUTHORITIES IN OPPOSITION
18 HANS ZIMMER, individually, and dba        TO DEFENDANTS' MOTION
   REMOTE CONTROL SONGS;                      TO DISMISS FIRST AMENDED
19 TWENTIETH CENTURY FOX FILM                COMPLAINT**
   CORPORATION; FOX SEARCHLIGHT
20 PICTURES, INC.; FOX                        [FED. R. CIV. P. 12(b)(6)]
   ENTERTAINMENT GROUP, INC.; NEW
21 REGENCY PRODUCTIONS, INC.;                 Honorable George H. King
   MONARCHY ENTERPRISES, S.A.R.L.,
22 individually, and doing business as        Date: June 8, 2015
   REGENCY ENTERPRISES; RIVER                 Time: 9:30 a.m.
23 ROAD ENTERTAINMENT, LLC; PLAN              Place: Courtroom 650
   B ENTERTAINMENT, INC.; REMOTE
24 CONTROL PRODUCTIONS, INC.; SONY
   MUSIC ENTERTAINMENT; IMAGEM
25 PRODUCTION MUSIC LLC, individually,
   and dba 5 ALARM MUSIC and also doing
26 business as CYPRESS CREEK MUSIC;
   DOES ONE through TEN, inclusive,
27
                Defendants.
28

Blecher Collins
Pepperman & Joye

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.   PRELIMINARY STATEMENT ........................................................................ 1

II.  THE STANDARD GOVERNING DEFENDANTS' MOTION TO
     DISMISS ....................................................................................................... 3

III. THE ALLEGATIONS IN THE FAC ............................................................... 5

IV.  THE FAC ADEQUATELY AND SUFFICIENTLY ALLEGES A
     CLAIM FOR COPYRIGHT INFRINGEMENT ............................................. 7

     A.   The Federal Rules Do Not Impose a Heightened Pleading
          Standard on Copyright Infringement Claims ...................................... 8

V.   PLAINTIFF'S LANHAM ACT CLAIM IS NOT PRECLUDED BY
     THE *DASTAR* DECISION .......................................................................... 12

     A.   The *Dastar* Decision Only Dealt with the "Reverse Passing Off
          Prong" of the Lanham Act, *i.e.* Section 43(a)(1)(a), and Not the
          Prong that Forms the Basis for Plaintiff's Claim, Section
          43(a)(1)(B) ....................................................................................... 12

     B.   The Cases Relied on by Defendants Are Not Binding on this
          Court and Conflict with Other Authority Addressing the *Dastar*
          Decision ............................................................................................ 15

VI.  PLAINTIFF ADEQUATELY STATES CLAIMS FOR VIOLATIONS
     OF MORAL RIGHTS UNDER THE COPYRIGHT LAWS OF
     GERMANY AND FRANCE ........................................................................ 20

     A.   Plaintiff Is Not Required to Identify Any Further Activities
          Occurring within Germany or France ................................................ 21

VII. IF ANY PORTION OF THE FIRST AMENDED COMPLAINT IS
     DEEMED DEFICIENT, LEAVE TO AMEND THE PLEADING
     SHOULD BE FREELY GRANTED .............................................................. 22

VIII. CONCLUSION ............................................................................................ 23

# TABLE OF AUTHORITIES

**Case**

**Page**

*A & M Records v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2001)...................................................................9

*Agence France Presse v. Morel*,
   769 F. Supp. 2d 295 (S.D.N.Y. 2011)...................................................23, 24, 25

*Antidote Int'l Films, Inc. v. Bloomsbury Publ'g PLC*,
   467 F. Supp. 2d 394 (S.D.N.Y. 2006).................................................20

*Armstrong v. Virgin Records*,
   91 F. Supp. 2d. 628 (S.D.N.Y. 2000)....................................................4, 27

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009)..........................................6, 11, 12

*Baden Sports, Inc. v. Molten USA, Inc.*,
   556 F. 3d 1300 (Fed. Cir. 2009).......................................................21, 22, 25

*Baxter v. MCA, Inc.*,
   812 F.2d 421(9th Cir.),........................................................................9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007)...............................................5, 6, 11, 12

*Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*,
   145 F.3d 481 (2d Cir. 1998).............................................................3, 27

*Boram v. Bogan*,
   320 F.3d 1023 (9th Cir. 2003)...........................................................5

*Brownmark Films, LLC v. Comedy Partners*,
   800 F. Supp. 2d 991 (E.D. Wis. 2011)..............................................23

*Catch Curve, Inc. v. Venali, Inc.*,
   519 F. Supp. 2d 1028 (C.D. Cal. 2007) .............................................4

*Clauson v. Eslinger*,
   455 F. Supp. 2d 256 (S.D.N.Y. 2006)................................................3, 20, 21, 24

*CoStar Realty Info., Inc. v. Field*,
   612 F. Supp. 2d 660 (D. Md. 2009) ..................................................6, 8, 9

*Dastar Corp v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23, 123 S. Ct. 2041 (2003).................................................passim

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183(9th Cir. 1987)..............................................................29, 30

*Eberhard Architects, LLC v. Bogart Architecture, Inc.*,

Blecher Collins
Pepperman & Joye

2014 WL 4354516, (N.D. Ohio Aug. 29, 2014)..................................................10, 14

*Ellison v. Robertson*,
   357 F.3d 1072 (9th Cir. 2004)..................................................10, 15

*Encore Music Productions, Inc. v. London Film Productions, Inc.*,
   89 U.S.P.Q. 501 (SDNY 1951)..................................................16

*Erickson v. Pardus*,
   551 U.S. 89, 127 S. Ct. 2197 (2007)..................................................5

*Ets–Hokin v. Skyy Spirits, Inc.*,
   225 F.3d 1068 (9th Cir. 2000)..................................................10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340, 111 S. Ct. 1282 (1991)..................................................10

*Flores v. EMC Mortgage Co.*,
   997 F. Supp. 2d 1088 (E.D. Cal. 2014)..................................................13, 14

*Fonovisa, Inc. v. Cherry Auctions, Inc.*,
   76 F. 3d 259 (9th Cir. 1996)..................................................15

*Frink America, Inc. v. Champion Mach., Ltd*,
   961 F. Supp. 398 (N.D.N.Y. 1997)..................................................27

*Gilligan v. Jamco Dev. Corp.*,
   108 F.3d 246 (9th Cir. 1997)..................................................4

*Hospital Bldg. Co. v. Trustees of Rex Hosp.*,
   425 U.S. 738, 96 S. Ct. 1848 (1976)..................................................4

*In re Providian Fin. Corp. ERISA Litig.*,
   2002 WL 31785044 (N.D. Cal. Nov. 14, 2002)..................................................14, 15

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
   153 F. 3d 82 (2d Cir. 1998)..................................................26

*Kelly v. Chicago Park District*,
   635 F. 3d 290 (7th Cir. 2011)..................................................27

*Leatherman v. Tarrant Cty. Narcotics Intell. & Coord. Unit*,
   507 U.S. 163, 113 S. Ct. 1160 (1993)..................................................12

*Metcalf v. Bochco*,
   294 F.3d 1069 (9th. Cir. 2002)..................................................10

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989)..................................................29

*Moss v. United States Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009)..................................................5, 6

*Nagler v. Admiral Corp.*,
   248 F.2d 319 (2d Cir. 1957)..................................................28, 29

*Photomedex, Inc. v. Irwin*,
  601 F.3d 919 (9th Cir. 2010)..................................................................25, 26

*Reddy v. Litton Indus., Inc.*,
  912 F.2d 291 (9th Cir. 1990)..........................................................................29

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003)........................................................................10

*Rosenberg Bros. & Co. v. Arnold*,
  283 F.2d 406 (9th Cir. 1960) (..................................................................... 30

*Skaff v. Meridien N. Am. Beverly Hills, LLC*,
  506 F.3d 832 (9th Cir. 2007)........................................................................5, 6

*Swierkiewicz v. Sorema, N.A.*,
  534 U.S. 506, 122 S. Ct. 992 (2002) ........................................................12, 13

*Sybersound Records, Inc. v. UAV Corp.*,
  517 F. 3d 1137 (9th Cir. 2008)..................................................................22, 23

*United States v. Webb*,
  655 F.2d 977 (9th Cir. 1981).........................................................................30

*William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*,
  588 F.3d 659 (9th Cir. 2009)............................................................................5

*Zyla v. Wadsworth, Div. of Thompson Corp.*,
  360 F. 3d 243 (1st Cir. 2004) ........................................................................18

**Statutes**

15 U.S.C. § 1125...........................................................................1, 12, 16

17 U.S.C. § 501(a) ....................................................................................8

17 U.S.C. § 504(c) ....................................................................................8

17 U.S.C. §§ 106(1)-(3), (5) .....................................................................8

**Rules**

Fed. R. Civ. P. 8.............................................................................passim

Fed. R. Civ. P. 12(b)(6) .............................................................................3

Fed. R. Civ. P. 15.....................................................................................23

Fed. R. Civ. P. 15(a) ...............................................................................22

Fed. R. Civ. P. 41(a)(1).............................................................................1

Blecher Collins
Pepperman & Joye

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## <u>Other Authorities</u>

2 ANNE GILSON LALONDE & JEROME GILSON, GILSON ON TRADEMARKS
   (2014) ..............................................................................................14, 17

PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT
   (3d ed. Supp. 2012) ....................................................................14, 17, 18

5 J. THOMAS MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION
   (4th ed. 2015) ................................................................................... 3, 14

3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT
   (2008) ........................................................................5, 8, 9, 11, 12

Jane C. Ginsburg, *The Right to Claim Authorship in U.S. Copyright and Trademark Law*, 4 Houston L. Rev. 263 (2004)...........................................13, 16, 18

Plaintiff Richard Friedman ("plaintiff" or "Friedman") respectfully submits this memorandum of points and authorities in opposition to defendants'[1] Motion to Dismiss First, Third, Fourth and Fifth Claims for Relief in the First Amended Complaint ("FAC").[2]

# I.

# PRELIMINARY STATEMENT

Lacking substantive merit, defendants' motion to dismiss is nothing short of a knee jerk respond and propitious attempt to eradicate this action in its early stages. Defendants' argument that the allegations fail to meet the notice pleading standard set forth in Rule 8 of Federal Rules of Civil Procedure is meritless.  Plaintiff Friedman sufficiently and adequately alleges facts that satisfies each and every essential element to support claims for copyright infringement (first claim)[3], violation of § 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)) (third claim) and violation of moral rights under the copyright laws of Germany and France (fourth and fifth claims).  This is particularly true given that the factual

---

[1] The Motion at issue was brought by defendants Hans Zimmer, individually and *dba* Remote Control Songs, Twentieth Century Fox Film Corporation, Fox Searchlight Pictures, Inc., Fox Entertainment Group, Inc., New Regency Productions, Inc., River Road Entertainment, LLC, Plan B Entertainment, Inc., Remote Control Productions, Inc., and Sony Music Entertainment (collectively "defendants").  On April 24, 2015, Plaintiff filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) without prejudice as to defendant Monarchy Enterprises, S.A.R.L., individually and *dba* Regency Enterprises (ECF # 28).

[2] Pursuant to the Court's May 5, 2015 Order, defendant Imagem Production Music, LLC *dba* 5 Alarm Music and *dba* Cypress Creek Music ("Imagem") has until June 1, 2015 to respond to the FAC (ECF # 30).

[3] The first claim for relief for copyright infringement is asserted against all defendants except Sony Music Entertainment ("SME") and Imagem Production Music, LLC ("Imagem").  Because defendants' motion does not dispute the sufficiency of the second claim for copyright infringement alleged only against defendant SME, plaintiff does not address this claim in this opposition.

Blecher Collins
Pepperman & Joye

1  allegations of the FAC must be liberally construed and all reasonable inferences

2  drawn in favor of plaintiff Friedman.

3        Contrary to the well-established principles governing motions to dismiss,

4  defendants, in seeking dismissal, ignore many of the express factual allegations in

5  the FAC and instead draw every factual inference in their favor, not plaintiff's.

6  Each of the three arguments advanced by defendants in support of their motion to

7  dismiss the first, third, fourth and fifth claims fails.  Defendants' first assert that

8  plaintiff's claim for copyright infringement should be dismissed because it fails to

9  satisfy Rule 8's pleading requirements in that it lumps all defendants together

10 without alleging the specific infringing activity by each of them.  Citing no authority

11 whatsoever, defendants seek dismissal of this claim based on plaintiff's alleged

12 failure to meet a heightened pleading standard that does not exist.  All plaintiff

13 Friedman is required to allege is a "short a short and plain statement of the claim"

14 showing [he] is entitled to relief."  Fed. R. Civ. P. 8(a).  The authority makes clear

15 that any increase in pleading standards for copyright infringement suits will have a

16 chilling effect on the likelihood of rights-holders to file an action.

17       Second, defendants contention that plaintiff's third claim for relief, alleging a

18 violation of section 43(a)(1)(B) of the Lanham Act, is foreclosed by the holding in

19 *Dastar Corp v. Twentieth Century Fox Film Corp*., 539 U.S. 23, 123 S. Ct. 2041

20 (2003) is similarly misplaced.  The third claim alleges that defendants, in

21 advertisements and promotional material, falsely credited Hans Zimmer

22 ("Zimmer"), rather than plaintiff Friedman, as the composer of a musical score for

23 the film 12 Years as a Slave ("*12YAS*").  (FAC ¶ 36.)  The *Dastar* case, however,

24 addresses a "reverse passing off" claim asserted under § 41(a)(1)(A) of the Lanham

25 Act, whereas plaintiff's claim is based on the "misleading advertising" prong of

26 § 43(a)(1)(B).  Defendants' argument relies entirely on a narrow and selective

27 reading of the *Dastar* opinion and simply ignores applicable case law addressing

28 *Dastar's* application to § 41(a)(1)(B) claims.  *See Clauson v. Eslinger*, 455 F. Supp.

*Blecher Collins Pepperman & Joye*

1  2d 256, 261 (S.D.N.Y. 2006); 5 J. THOMAS MCCARTHY, TRADEMARKS AND UNFAIR
2  COMPETITION § 27.85 (4th ed. 2015) (hereinafter "MCCARTHY").

3      Lastly, defendants assert that the Court should also dismiss the fourth and
4  fifth claims, alleging violation of moral rights under German and French copyright
5  laws, because plaintiff has failed to plead facts establishing a basis for litigating
6  such claims in this Court.  This argument is similarly flawed as it is predicated on
7  the misleading premise that "[t]he law of the country of origin determines the nature
8  of the rights held by the author of a copyrighted work."  (*See* Defendants' Motion at
9  7.)  While this is a technically correct statement of law, it is inapplicable in this
10 context.  Rather, the applicable legal issue here is that violations of foreign
11 copyright laws **are**, indeed, cognizable in U.S. courts.  *See Boosey & Hawkes Music*
12 *Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481, 491-492 (2d Cir. 1998);
13 *Armstrong v. Virgin Records*, 91 F. Supp. 2d. 628 (S.D.N.Y. 2000).

14     For the reasons set forth below, plaintiff Friedman respectfully requests that
15 the Court deny defendants' motion to dismiss the first, third, fourth and fifth claims
16 for relief in the FAC.

17                          **II.**

18 **THE STANDARD GOVERNING DEFENDANTS' MOTION TO DISMISS**

19     Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are generally disfavored.
20 They are to be rarely granted and then only in extreme circumstances.  *See, e.g.,*
21 *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746, 96 S. Ct. 1848,
22 1853 (1976); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997);
23 *Catch Curve, Inc. v. Venali, Inc.*, 519 F. Supp. 2d 1028, 1034 (C.D. Cal. 2007).

24     In ruling on a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the
25 court must accept as true all factual allegations in the complaint, and must draw all
26 reasonable inferences from those allegations, construing the complaint liberally in
27 the light most favorable to the plaintiff.  *Moss v. United States Secret Serv.*, 572
28 F.3d 962, 967-68 (9th Cir. 2009); *William O. Gilley Enters., Inc. v. Atlantic*

Blecher Collins
Pepperman & Joye

-3-

1   *Richfield Co.*, 588 F.3d 659, 662 (9th Cir. 2009) (per curiam); *Boram v. Bogan*, 320

2   F.3d 1023, 1028 (9th Cir. 2003).

3       Nothing more than notice pleading is required. *Erickson v. Pardus*, 551 U.S.

4   89, 93, 127 S. Ct. 2197, 2200 (2007) (per curiam). Fed. R. Civ. P. 8 requires, not a

5   specific quantity of facts, but simply "a short and plain statement of the claim

6   showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550

7   U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007). "[A] well-pleaded complaint may

8   proceed even if . . . actual proof of those facts is improbable, and a recovery is very

9   remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted). "Specific

10  facts are not necessary," and a complaint need only give the defendant fair notice of

11  the claims and grounds upon which they rest. *Erickson*, 551 U.S. 89, 93, 127 S. Ct.

12  2197, 2200 (2007) (per curiam); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506

13  F.3d 832, 841 (9th Cir. 2007); *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965

14  (detailed factual allegations are not required); *see also Ashcroft v. Iqbal*, 556 U.S.

15  662, 677-78, 129 S. Ct. 1937, 1949 (2009).

16      The factual allegations of the FAC need only "be enough to raise a right to

17  relief above the speculative level, . . . on the assumption that all the allegations in

18  the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.

19  Ct. at 1965; *Skaff*, 506 F.3d at 842 (*Twombly* did not impose heightened pleading

20  standards.) Allegations are not to be discounted because they are "unrealistic or

21  nonsensical," but rather because they state a legal conclusion. *Moss*, 572 F.3d at

22  969. There must simply be "enough facts to state a claim to relief that is plausible

23  on its face." *Twombly*, 127 S. Ct. at 1974. Facial plausibility exists "when the

24  plaintiff pleads factual content that allows the court to draw the reasonable inference

25  that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78,

26  129 S. Ct. at 1949.

27      Fed. R. Civ. P. 8(a) definitely does not require a heightened standard of

28  pleading in copyright infringement cases. *See CoStar Realty Info., Inc. v. Field*, 612

Blecher Collins
Pepperman & Joye

-4-

F. Supp. 2d 660, 674 (D. Md. 2009) (finding, after *Twombly*, that "[t]here is no heightened pleading standard for copyright infringement").  Rather, the "short and plain statement" and notice pleading standard under Rule 8 has been specifically applied to copyright actions.  Plaintiff's copyright claims are sufficient '[s]o long as the allegations of the complaint as a whole raise a reasonable expectation that discovery will reveal evidence of the necessary elements for copyright infringement[.]"  3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.09[A][3] (2008) (hereinafter "NIMMER").  Defendants ask the Court to ignore this standard and instead impose a heightened pleading requirement, relying entirely on unpublished or wholly inapplicable decisions.

Plaintiff has pled the requisite elements of the claims alleged in the FAC with sufficient detail to apprise defendants of the challenged conduct and in full compliance with Fed. R. Civ. P. 8(a).  Accordingly, plaintiff's copyright infringement, Lanham Act and moral rights claims sufficiently meet this liberal pleading standard and should not be dismissed.

### III.

### THE ALLEGATIONS IN THE FAC

Each of the claims at issue emanate from plaintiff's copyright interest in a musical composition he wrote and composed in 2004 entitled *To Our Fallen* (hereinafter referred to as "the Composition").  (FAC ¶ 18.)  The FAC first alleges that except for defendant Sony Music Entertainment ("SME") and Imagem Production Music LLC ("Imagem), all of the other above-referenced defendants directly infringed on plaintiff's copyrights by reproducing and publishing his protected musical composition in the motion picture 12 Years as a Slave ("*12YAS*") in the United States and throughout the world.  (*Id*. ¶ 23.)  The FAC alleges that in or around March 4, 2004, plaintiff and ABACO, a commercial music library, entered into a written agreement in which plaintiff assigned the legal ownership of the Composition to ABACO, but retained a beneficial interest in the copyright.  (*Id*.

Blecher Collins
Pepperman & Joye

¶ 19.)  In May 2004, ABACO recorded a derivative work of the Composition in a music sampler entitled *American Heart*, which contained the Composition and additional compositions by plaintiff and a second composer.  (FAC ¶ 20.)  The (i) Composition and the (ii) sound recording of *To Our Fallen*, contained therein, (hereinafter referred to as the "Sound Recording") was widely distributed in 2004 and, thus, published at that time.  (*Id.* ¶ 20.)  In 2006, ABACO applied for and was issued a Certificate of Registration of a Claim to Copyright in and to the Composition and Sound Recording by the Register of Copyrights (No. SR 392-592). (*Id.* ¶ 21.)  Accordingly, plaintiff is the beneficial owner of the Composition and the Sound Recording.  (*Id.*)

The FAC further alleges that the Composition and Sound Recording were embodied in an episode of the television show *Desperate Housewives* entitled "The Juiciest Bites—In Memoriam."  (*Id.* ¶ 22.)  The show aired on the ABC Television Network in April 2008 and October 2009.  (*Id.*)  Plaintiff asserts that the string overdub portions for the music for "The Juiciest Bites—In Memoriam" was recorded at a facility owned in whole or in part by defendant Hans Zimmer ("Zimmer") called Remote Control Productions.  (*Id.*)

In or around 2013, defendants produced and distributed the motion picture *12YAS* in the United States and throughout the world.  (*Id.* ¶ 23.)  *12YAS* embodied and reproduced musical compositions and cues, including, *inter alia*, the main musical theme entitled *Solomon Northup*, ostensibly composed by defendant Zimmer.  (*Id.*)  Notably, (a) the main theme for *12YAS*, *Solomon Northup*, (b) the music for the closing credits, and (c) eleven (11) other musical cues embodied in *12YAS* are based upon, and substantially similar to, the Composition that is the subject of this dispute. (*Id.* ¶ 24.)  All or most of the musical score for *12YAS* was recorded at defendant Zimmer's Remote Control Productions facility, the same location where portions of the music "The Juiciest Bites—In Memoriam" (which embodied plaintiff's protected Composition and Sound Recording) was recorded in

-6-

1  or around 2008.  (*Id*. ¶ 22.)  Plaintiff alleges that this presents compelling evidence

2  that defendants had access to plaintiff's copyrighted Composition and Sound

3  Recording.  (FAC ¶ 22.)  Although *12YAS* received widespread critical acclaim,

4  generated substantial worldwide profits, and resulted in defendant Zimmer receiving

5  a Golden Globe nomination for best musical score, none of the defendants ever

6  asked plaintiff, or any other person or entity in privity with plaintiff, to use or

7  license the protected Composition or Sound Recording in any capacity.  (*Id*. ¶ 23-

8  24.)

9       The FAC alleges defendant "Zimmer claims that he owns and/or controls all

10  of the musical score and cues embodied in *12YAS*."  (*Id*. ¶ 25.)  The FAC further

11  alleges that based on these false claims, defendants, in violation of plaintiff's moral

12  rights under the copyright laws of numerous foreign nations where *12YAS* has been

13  distributed and exhibited, have improperly and incorrectly credited defendant

14  Zimmer, rather than plaintiff, as the composer of the Composition.  (*Id*.)

**IV.**

**THE FAC ADEQUATELY AND SUFFICIENTLY ALLEGES A CLAIM FOR**

**COPYRIGHT INFRINGEMENT**

18       To establish a claim for direct copyright infringement, a plaintiff must

19  demonstrate (1) ownership of a valid copyright and (2) "copying" of protectable

20  expression by the defendant.  *Baxter v. MCA, Inc*., 812 F.2d 421, 423 (9th Cir.),

21  *cert. denied,* 484 U.S. 954, 108 S. Ct. 346, (1987); *4 A & M Records v. Napster,*

22  *Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001); *Ellison v. Robertson*, 357 F.3d 1072,

23  1076 (9th Cir. 2004); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361,

24  111 S. Ct. 1282 (1991); *Ets–Hokin v. Skyy Spirits, Inc*., 225 F.3d 1068, 1073 (9th

25  Cir. 2000); *See Rice v. Fox Broad. Co*., 330 F.3d 1170, 1174 (9th Cir. 2003).  The

26  latter element may be established by showing that the works in question "are

27  substantially similar in their protected elements" and that the infringing party "had

28  access" to the copyrighted work.  *Metcalf v. Bochco*, 294 F.3d 1069, 1072 (9th. Cir.

-7-

*Blecher Collins Pepperman & Joye*

2002) (citation omitted).  Infringement consists of the unauthorized exercise of one of the exclusive rights of the copyright holder delineated in section 106.  17 U.S.C. § 501(a).  These rights include the right to reproduce the copyrighted work, the right to prepare derivative works, the right to distribute copies to the public, and the right to publicly display the work.  17 U.S.C. §§ 106(1)-(3), (5).  Direct infringement does not require intent or any particular state of mind, although willfulness is relevant to the award of statutory damages.  17 U.S.C. § 504(c).

A. **The Federal Rules Do Not Impose a Heightened Pleading Standard on Copyright Infringement Claims**

There is no universal standard of heightened fact pleading.  A pleader is only required to amplify a claim with more specific factual allegations in contexts where such amplification is necessary to render the claim plausible.  *See Iqbal*, 556 U.S. at 669, 129 S. Ct. at 1944.  Copyright infringement claims typically exhibit characteristics that require only the most minimal factual specificity. Infringement liability only requires proof of two elements: ownership and copying.[4]  *See* 4 NIMMER § 13.01 (explaining that copying is often established by indirect evidence).

Plaintiff does not dispute that under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "[D]etailed factual allegations" are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955.  Here, the FAC sufficiently provides defendants with notice of the claims asserted against them.  What plaintiff disputes is defendants' unsupported argument a copyright action requires a plaintiff to identify the specific conduct by each defendant that constituted the alleged

_____

[4] As a matter of public policy, courts have refrained from increasing the pleading standards for copyright actions because this could create substantial roadblocks for plaintiffs wanting to protect their copyright interests. Any impediment to bringing an infringement suit erodes the protections copyright holders retain and could reduce the incentive for individuals to engage in the types of creative works protected under copyrights.

-8-

1   infringement.  Failing to cite a single relevant case, defendants' seek to impose a

2   heightened pleading standard that is incompatible with Fed. R. Civ. 8.

3         There is no universal standard of heightened fact pleading.  The determination

4   of whether a claim requires amplification or is "plausible" is context-specific and

5   requires the reviewing court to draw on its experience and common sense.  *Iqbal*,

6   556 U.S. at 663-64, 129 S. Ct. at 1940.  Copyright infringement claims including the

7   one at issue here, exhibit characteristics that require only the most minimal factual

8   specificity, and must be evaluated in light of their unique substantive requirements.

9   In particular, infringement liability only requires proof of two elements: **ownership**

10  and **copying.**  4 NIMMER § 13.01 (explaining that copying is often established by

11  indirect evidence which must show access and substantial similarity) (emphasis

12  added).  The standard Rule 8 announces does not require "detailed factual

13  allegations," but enough to show that the pleader is entitled to relief.  *Iqbal*, 556

14  U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 544, 127 S. Ct. at

15  1955); *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination

16  Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163 (1993); *Swierkiewicz v. Sorema,

17  N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998-99 (2002).  Indeed, the FAC alleges

18  more than unadorned assertions that defendants unlawfully harmed the plaintiff.

19        Specifically, plaintiff alleges facts to satisfy both of these essential elements

20  and support a claim for direct copyright infringement against defendants.  The FAC

21  alleges that plaintiff Friedman has a protected copyright interest in the musical

22  composition and sound recording entitled *To Our Fallen*, thus satisfying the first

23  essential element.  (FAC ¶¶ 18, 20-21.)  To satisfy the second element, the FAC

24  alleges that defendants had access to plaintiff's copyrighted work and "produced

25  and distributed the film *12YAS* in the United States and throughout the world,"

26  which "reproduced and embodied musical scores and cues ostensibly composed by

27  defendant Zimmer" rather than plaintiff.  (*Id.* ¶ 23.)  "The main theme…, the music

28  for the closing credits and eleven other musical cues embodied in *12YAS* are based

Blecher Collins
Pepperman & Joye

-9-

1   on and substantially similar to the Composition" in which plaintiff has a protected

2   copyright interest. (FAC ¶ 24.) "Neither Plaintiff, nor any other person in privity

3   with Plaintiff, has been asked by Defendants…for permission to use or license

4   Plaintiff's Composition in *12YAS*." (*Id*.) These allegations adequately describe

5   defendants' infringing conduct and provide notice of the lawsuit and cause of action

6   asserted against them. Accordingly, the FAC more than sufficiently satisfies Rule

7   8's notice pleading standard and requires that the Court accept the allegations as

8   true.

9       Moreover, none of the cases relied on by defendants even remotely supports

10  the notion that there is a heightened pleading requirement for copyright cases or that

11  a plaintiff must identify the specific conduct by each defendant that constituted the

12  alleged infringement. For example, defendants cite *Flores v. EMC Mortgage Co.*,

13  997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) for the proposition that plaintiff is

14  required to allege facts specifically identifying each infringing action undertaken by

15  each defendant. Although *Flores* briefly discusses notice pleading generally, it does

16  not involve **any** claim for copyright infringement. Rather, it concerns a complaint

17  that lumps defendants together such that it failed to distinguish the claims and

18  alleged wrongs among defendants. *Flores*, 997 F. Sup. 2d 1088. Here, the FAC

19  makes clear which claim is asserted against each defendant.

20      Defendants also cite and rely on the wholly inapplicable case of *Eberhard*

21  *Architects, LLC v. Bogart Architecture, Inc.*, 2014 WL 4354516, at *3 (N.D. Ohio

22  Aug. 29, 2014) in which the court concluded that plaintiff's generic allegations that

23  "all defendants engaged in copyright infringement" did not shed light on *how* the

24  defendants engaged in copyright infringement. Unlike *Eberhard Architects, LLC*,

25  plaintiff alleges substantially more facts than just stating that defendants engaged in

26  copyright infringement. (FAC ¶¶ 22-27.) Indeed, the FAC specifically describes

27  how and why defendants' conduct constitutes infringement of plaintiff's

28  copyrighted compositions.

Blecher Collins
Pepperman & Joye

1    In further support of their argument that the first claim for copyright

2  infringement does not meet Rule 8's pleading standard, defendants also cite *In re*

3  *Providian Fin. Corp. ERISA Litig.*, 2002 WL 31785044, at *4 (N.D. Cal. Nov. 14,

4  2002), which does not remotely concern any copyright claim.  Indeed, this case

5  involved a class action complaint charging defendants with breach of fiduciary duty

6  requirements imposed by ERISA.  *Id.*  In the single paragraph decision, the court

7  held that the complaint was insufficient to put defendants on notice of the claims

8  against them because the plaintiffs lumped the various classes of defendants into

9  undifferentiated groups and alleged generally that they had all violated all of the

10 asserted fiduciary duties.  *Id.*  Acknowledging that Rule 8(a) requires only a "short

11 and plain statement of the claim," the court ordered plaintiffs to amend the

12 complaint so that each category of defendants had notice of their alleged duty and

13 breach.  *Id.* Here, there is no claim for breach of fiduciary duty, which imposes a

14 different standard of care depending on the relationship of the parties.  Despite the

15 fact that some of the defendants are distributors and some are producers, a copyright

16 infringement claim does not impose different standards of care on defendants

17 operating at various levels of the supply chain.

18    The contention that a defendant cannot be liable for copyright infringement

19 for its involvement in production of a motion picture is simply wrong. To the extent

20 a defendant possesses the "right and ability to supervise the infringing conduct" **and**

21 has "an obvious and direct financial interest in the exploitation of the copyrighted

22 materials," the defendant can be vicariously liable for the alleged copyright

23 infringement.  Nimmer § 12.04[C][1]; *Fonovisa, Inc. v. Cherry Auctions, Inc.*, 76 F.

24 3d 259 (9th Cir. 1996) (a flea market owner could be held liable for contributory and

25 vicarious infringement).  The Ninth Circuit has interpreted the knowledge

26 requirement for contributory copyright infringement to include "both those with

27 actual knowledge and those who have reason to know of direct infringement.

28 *Ellison v. Robertson*, 357 F. 3d 1072, 1076 (9th Cir. 2004) (emphasis in original).

Blecher Collins
Pepperman & Joye

1  The acts of related defendants, such as here, may be joined a single count.  *See, e.g.*

2  3 NIMMER § 12.04[A] (discussing contributory infringement) and § 12.04[C][1]

3  (citing *Encore Music Productions, Inc. v. London Film Productions, Inc.*, 89

4  U.S.P.Q. 501 (SDNY 1951) "the producer would be responsible for its own acts of

5  infringement, and also might be liable for contributing to the alleged infringing acts

6  of five exhibitors in violation of plaintiff's public performing rights")).

7  V.

8  **PLAINTIFF'S LANHAM ACT CLAIM IS NOT PRECLUDED BY THE**

9  ***DASTAR* DECISION**

10  A.     **The *Dastar* Decision Only Dealt with the "Reverse Passing Off Prong" of**

11         **the Lanham Act, *i.e.* Section 43(a)(1)(a), and Not the Prong that Forms**

12         **the Basis for Plaintiff's Claim, Section 43(a)(1)(B)**

13         The FAC alleges that defendants violated section 43(a) of the Lanham Act

14  (15 U.S.C. § 1125(a)) for unfair competition and misrepresentation in connection

15  with plaintiff's copyrighted Composition.  Defendants assert that plaintiff's third

16  claim for relief, for alleged violation of the Lanham Act, is precluded by Supreme

17  Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23

18  (2003) because it would conflict with the copyright laws, which protect the

19  author/owner of any idea, concept or communication.  Defendants, however, rely on

20  a narrow and self-serving reading of *Dastar* and fail to address any of the later

21  authorities interpreting the opinion to the contrary.

22         Notably, the *Dastar* case dealt only with the "reverse passing off" prong of

23  § 43(a): § 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)) , whereas

24  plaintiff's claim deals instead with § 43(a)(1)(B), the "misleading advertising"

25  prong of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)).  § 43(a)(1)(B) prohibits using

26  false descriptions and designations of origin when advertising or promoting goods

27  or services in commerce.  (FAC ¶ 34.)  The FAC alleges that, "[p]ursuant to

28  §43(a)(1)(B) of the Lanham Act, Defendants have misrepresented the nature,

Blecher Collins Pepperman & Joye

Blecher Collins
Pepperman & Joye

characteristics and qualities of Defendant Zimmer's services.  The acts and activities of Defendants and those acting in concert with them as set forth above, constitute unfair competition with Plaintiff."  (FAC ¶ 35.)  The *Dastar* decision only addresses "reverse passing off" under § 43(a)(1)(A), but preserves an alternative basis for an aggrieved author to assert a Lanham Act claim: the misrepresentation in advertising prong of § 43(a)(1)(B).  As Justice Scalia stated:[5]

> [O]ne or more of the respondents might have a cause of action -- not for reverse palming off under the "confusion…as to the origin" provision of §43(a)(1)(A), but for misrepresentation under the "misrepresents the nature, characteristics [or] qualities" provision of §43(a)(1)(B).

*Dastar Corp.*, 539 U.S. at 38, 123 S. Ct. at 2050.

In *Zyla v. Wadsworth, Div. of Thompson Corp.*, 360 F. 3d 243, 252 n. 8 (1st Cir. 2004), the Court commented on the statement made by Justice Scalia in the *Dastar* opinion, noting:

> The Court in *Dastar* left open the possibility that some false advertising claims could be vindicated under the auspices of §43(a)(1)(B)'s prohibition on false advertising.

*See* 539 U.S. at 38, 123 S. Ct. at 2050.

Moreover, several prominent commentators have also indicated that the Supreme Court has preserved authors' claims under § 43(a)(1)(B): If the false advertising or promotion of a book or a film misleads the public as to who wrote, acted in or directed the work, the artists may find relief under the false advertising

---

[5] *See* Jane C. Ginsburg, *The Right to Claim Authorship in U.S. Copyright and Trademark Law*, 4 Houston L. Rev. 263, 272 (2004) ("It [the *Dastar* Court] preserved claims under a related section of the trademark act [§ 43(a)(1)(B)].

1  provisions of the Lanham Act.  2 ANNE GILSON LALONDE & JEROME GILSON, GILSON

2  ON TRADEMARKS § 7.07[6][d][ii][A] (2014) (hereinafter "GILSON").

3       Similarly, another notable treatise opines:

4            Because the [*Dastar*] Court's opinion addressed only

5            section 43(a)(1)(A), it left open the possibility of relief

6            under section 43(a)(1)(B)'s imposition of liability for

7            misrepresenting "the nature, characteristics, qualities of

8            defendant's goods; unlike section 43(a)(1)(A), section

9            43(a)(1)(B) requires that the offending use be in

10            "commercial  advertising or promotions."

11  3 PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 17.14.3 (3d ed. Supp. 2012)

12  (hereinafter "GOLDSTEIN").

13       Consonant with the case law and treatises interpreting the *Dastar* opinion

14  mentioned above, MCCARTHY also agrees that the Court left open the possibility for

15  authors of artistic works under § 43(a)(1)(B) of the Lanham Act, stating:

16            Because the Court's opinion addressed only section

17            43(a)(1)(A), *it left open the possibility for relief…of*

18            *literary and artistic works* under section 43(a)(1)(B),

19            which bars misrepresentations of the "nature,"

20            "characteristics" and "qualities" of a defendant's goods.

21            However…section 43(a)(1)(B) requires the offending use

22            to be in "commercial advertising or promotion."

23            (emphasis added)

24  MCCARTHY, *supra.*

25       Plaintiff and defendant Zimmer are both music composers for film.  Plaintiff,

26  in the FAC, alleges that "[t]he applicable misrepresentation in Defendants'

27  advertising and promotional materials reads: 'MUSIC BY HANS ZIMMER' rather

28  than 'MUSIC BY RICHARD FRIEDMAN.'"  (FAC ¶ 36.)

-14-

Blecher Collins
Pepperman & Joye

1    The FAC further alleges that "Defendants knew, or had reason to believe, that

2    these representations in commercial advertising and promotions throughout the

3    United States and numerous foreign nations crediting Defendant Zimmer with

4    ownership of the works in *12YAS* were false and misleading, and were likely to, and

5    did cause a substantial segment of viewers of the film to be deceived, confused,

6    and/or mistaken about the nature, source, characteristics, qualities, and/or the origin

7    of the music embodied in *12YAS*."  (FAC ¶ 38.)

8    **B.    The Cases Relied on by Defendants Are Not Binding on this Court and**

9    **Conflict with Other Authority Addressing the *Dastar* Decision**

10   In support of their argument that decision of *Dastar Corp. v. Twentieth*

11   *Century Fox Film Corp.,* precludes plaintiff from bringing its Lanham Act claim,

12   defendants rely only on cases that provide a limited and incomplete view of the

13   applicable law.  Defendants fail to discuss, distinguish or even address any of the

14   case authority or treatises, some of which are mentioned above, that take a position

15   contrary to the one expressed in their Motion.

16   For example, defendants cite *Antidote Int'l Films, Inc. v. Bloomsbury Publ'g*

17   *PLC*, 467 F. Supp. 2d 394, 400 (S.D.N.Y. 2006) for the proposition that

18   § 43(a)(1)(B) cannot be read to refer to authorship.  However, *the same court* in the

19   same year, in *Clausen v. Eslinger*, 455 F.Supp. 2d 256 (S.D.N.Y. 2006), held that

20   § 43(a)(1)(B) could provide relief *for literary or artistic works* that were

21   misrepresented in advertising or promotional materials.  The *Clausen* court, cited to

22   Justice Scalia's statement in *Dastar* cited by plaintiff (539 U.S. at 38, *supra*), in

23   holding:

24            The *Dastar* Court explicitly left open the possibility that

25            some false authorship claims could be vindicated under

26            the auspices of this section's [§ 43(a)(1)(B)'s] prohibition

27            on false advertising."

28   *Clausen* , 455 F.2d at 261-62.

-15-

The *Clausen* court also held that:

> The [Dastar] Court grounded its holding in what it ruled was the "natural understanding" of section 43(a)(1)(A)'s phrase "origin of goods" [citation]. It concluded, in short, that although this phrase does not extend to the originator of the idea that the goods embody, it does reach beyond geographic origin to origin of production of physical goods at issue. [Citation.] *In contrast, Congress did not incorporate any such reference into §43 (a)(1)(B), the false advertising prong of the Lanham Act.  15 U.S.C. §1125(a)(1)(B).* [Emphasis added.] Instead, in section 43(a)(1)(B), it mandated liability for misrepresentation of "the nature, characteristics, [or] qualities" of goods in commercial advertising or promotion. 15 U.S.C. §1125(A)(1)(B).

*Id.*

Furthermore, defendants' reliance on *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F. 3d 1300, 1307 (Fed. Cir. 2009) is also misplaced.  In *Baden*, a case that deals with the quality of basketballs and not mis-attribution of authorship, the court, erroneously relied on what it understood to be applicable Ninth Circuit case law finding that "authorship…is not a nature, characteristic, or quality, as these terms are used in Section 43(a)(1)(B) of the Lanham Act.[6]  *Baden Sports, Inc.*, 556 F. 3d

---

[6] Jane C. Ginsburg, *supra*, ("Arguably, removing my or the actor's name and replacing it with another's constitutes a false or misleading representation of fact (who is the author of this book; who performed in this film) that misrepresents the nature, characteristics, or qualities (authorship, performance) of the goods (the work).  Note that, for purposes of section 43(a)(1)(A), 'goods' would mean only the physical copies….In any event, the potential availability of a section 43(A)(1)(B)

Blecher Collins
Pepperman & Joye

at 1307.  Although the *Baden Sports, Inc.* case was before the Federal Circuit to address patent claims relating to the basketballs, the court pointed out that it applies the law of the regional circuit on non-patent issues.  *Id*. at 1304.  Thus, the court relied on *Sybersound Records, Inc. v. UAV Corp.*, 517 F. 3d 1137 (9th Cir. 2008), a Ninth Circuit case, in deciding the Lanham Act issue.  Like *Baden Sports, Inc.*, *Sybersound* was not a case dealing with attribution or misattribution of authorship, but rather the licensing status of karaoke records.  In articulating that point, *Sybersound*, with *Baden Sports, Inc.* following its lead, actually held that the underlying communicative work is protectable under the advertising prong of § 43(a)(1)(B) of the Lanham Act: "[T]he nature, characteristics, and qualities of karaoke recordings under the Lanham Act are more properly construed to mean characteristics of the good itself, such *as the original song and artist* of the karaoke recording, and the quality of its audio and visual effects."  517 F. 3d at 1144.[7]

Defendants also rely on *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 307-08 (S.D.N.Y. 2011) and in so doing, conflates the § 43(a)(1)(A) and § 43(a)(1)(B) claims raised in that case to assert--without specific citation to any part of the decision--that the "*Dastar* forecloses plaintiff's § 43(a)(1)(B) false advertising claim based on alleged misrepresentation of authorship." (Motion at 6.)  A close reading of the *Morel*, however, shows that the court was not discussing "authorship" regarding plaintiff's § 43(a)(1)(B) claim, but rather defendants' false statements that they were authorized to distribute the images of photographs, and

claim becomes particularly significant if, after *Dastar*, the origin of copyrighted works is falsely designated only where the entire work is misattributed."

[7] *See* GILSON § 7.02[6][d] (2014) (commenting on the *Sybersound* decision: "The Ninth Circuit was more ambiguous in holding that false statements about the licensing status of karaoke songs are not covered, but that statements about the original songs or artists may be"); GOLDSTEIN § 17.14.3 n. 180.1 (calling *Sybersound* "a more questionable decision"); *Brownmark Films, LLC v. Comedy Partners*, 800 F. Supp. 2d 991, 997 (E.D. Wis. 2011) ("the *Sybersound Records* court's holding has been widely lampooned in several respected treatises).

-17-

1  plaintiff's claim that a unrelated third party was the author.  *Morel*, 769 F. Supp. 2d

2  at 308.  The *Morel* court notes that "[y]et neither of these misrepresentations

3  concern the nature, characteristics, qualities, or geographic origin of the

4  photographs."  *Id.*

5  　　　　To the contrary, in Jane C. Ginsburg's seminal law review article about the

6  unintended effects of *Dastar*, she argues that "authorship and performance are the

7  nature, characteristics, or qualities…of the goods (the work)."[8]  Jane C. Ginsburg,

8  *supra* at 275.  She asserts "removing my or the actor's name and replacing it with

9  another's constitutes a false or misleading representation of fact (who is the author

10  of this book; who performed in this film) that misrepresents the nature,

11  characteristics, or qualities (authorship; performance) of the goods (the work). Note

12  that, for purposes of section 43(a)(1)(B), the [*Dastar*] Court appears to have

13  acknowledged that "goods" can mean a "communicative work," while, for purposes

14  of section 43(a)(1)(A), "goods" would mean only the physical copies.  *Id.*

15  　　　　Other notable treatises take a similar position:

16  　　　　　　"Although *Dastar* significantly undermined section

17  　　　　　　43(a)(1)(A)'s efficacy for requiring attribution of

18  　　　　　　authorship, it did leave open the possibility of relief under

19  　　　　　　section 43(a)(1)(B), dealing with misrepresentation of the

20  　　　　　　quality or characteristics of goods and services, so long as

21  　　　　　　the plaintiff can meet the provisions' threshold

22  　　　　　　requirement of commercial advertising or promotion."

23  　　　　　　(emphasis added)

24  3 GOLDSTEIN, *supra,* § 17.24.2.1

25  　　　　Plaintiff is not making a § 43(a)(1)(A) Lanham Act claim for reverse passing

26  off like in *Dastar*.  Rather, plaintiff's claim implicates the false advertising prong of

27  _____

28  [8] *See also* Jane Ginsburg, *supra*, n.6.

-18-

Blecher Collins
Pepperman & Joye

§ 43(a)(1)(B) arising from consumer confusion between plaintiff's musical composition and that of defendant Zimmer's as a result of false advertising and promotion of allegedly infringing musical work.  (FAC ¶¶ 26-28).  Unlike plaintiff Friedman and defendant Zimmer who are both musical composers in direct competition with each other, the parties in the *Antidote* and *Morel* cases relied on by defendants, were creators on one hand and distributors of communicative products on the other.  The claims in those cases both concerned "false representation of 'affiliation' between the author and a distributor of communicative products." *Morel*, 769 F. Supp. 2d at 307.   Moreover, even in *Sybersound*, the sole basis for the court's decision, the Ninth Circuit acknowledged the nature, characteristics, and qualities of karaoke recordings under the Lanham Act are more properly construed to mean "characteristics of the good itself, *such as the original song and artist* of the karaoke recording…."  (emphasis added) 556 F.3d at 1305-07.

Except for *Sybersound* as discussed by the *Baden Sports, Inc.* case, defendants fail to cite a single Ninth Circuit case supporting their argument.  In fact, defendants neglect to cite the pertinent Ninth Circuit case *Photomedex, Inc. v. Irwin*, 601 F.3d 919, 932 -933 (9th Cir. 2010).  In *Photomedex*, the Ninth Circuit, vacated a ruling granting summary judgment based on claims relating to defendant Irwin's status as inventor of a particular device, and without any discussion of *Dastar*, held;

> Photomedex asserts the defendants deceptively proclaimed
> Irwin was "inventor" of the XTRAC, *i.e.*, that Irwin was
> the only, or at least the primary, inventor of the entire
> XTRAC laser system.  Id.  The court found that calling
> Irwin the "inventor of the XTRAC" might have been
> misleading and vacated the summary judgment ruling and
> remanded to the lower court for further proceedings on the
> claims relating to defendants' representations that Irwin
> was the inventor of the XTRAC.

-19-

*Id.*

Thus, the two Ninth Circuit decisions, *Sybersound* and *Photomadex,* as well as the other authorities discussed herein, require that defendants' motion be denied with respect to plaintiff's third claim for relief alleging a violation of § 43(a)(1)(B) for false advertising under the Lanham Act.

## VI.

## PLAINTIFF ADEQUATELY STATES CLAIMS FOR VIOLATIONS OF MORAL RIGHTS UNDER THE COPYRIGHT LAWS OF GERMANY AND FRANCE

Defendants argue that the fourth and fifth claims for violation of moral rights under the copyright laws of Germany and France should be dismissed on the grounds plaintiff fails to allege facts sufficient to show a basis for litigating such claims in this Court.  Defendants' assertion, however, is predicated on the accurate, but misleading assertion that it is "the law of the country of origin determines the nature of the rights held by the author of a copyrighted work." (Motion at 7.) Plaintiff does not dispute that this an accurate expression of the law in light of the circumstances presented in the two cases relied on by defendants in making this point: *Itar-Tass Russian News Agency v. Russian Kurier, Inc*., 153 F. 3d 82, 90-92 (2d Cir. 1998) and *Fahmy v. Jay-Z*, 788 F. Supp. 2d 10772, 1977-1083 (C.D. Cal. 2011).

In those cases, the respective courts properly applied foreign law in order to determine the rights held by the author, but neither court held that violations of foreign copyright laws are not cognizable by U.S. District Courts.[9]  Additionally,

---

[9] *See Boosey & Hawkes Music Publishing LLC v. Walt Disney Co*., 145 F.3d 481, 491-92 (2d Cir, 1998)(copyright laws of 18 nations implicated and claims thereunder were permitted to proceed), *Frink America, Inc. v. Champion Mach., Ltd*, 961 F. Supp. 398, 404-05 (N.D.N.Y. 1997) (affirming that violations of foreign

Blecher Collins
Pepperman & Joye

BC
PJ

1  defendants also cite *Kelly v. Chicago Park District*, 635 F. 3d 290, 298 (7th Cir.

2  2011) for the false proposition that because the U.S. Copyright Act does not

3  recognize any moral rights in connection with musical compositions, that plaintiff,

4  thus, has no moral rights to enforce.  (Motion at 7.)

5        Case law starkly rejects defendants empty assertion that plaintiff is precluded

6  from bringing claims for violation of moral rights in musical compositions under the

7  laws of foreign nations.  For example, in one such case, *Boosey & Hawkes Music*

8  *Publishing LLC v. Walt Disney Co*., 145 F.3d 481, 491-492 (2d Cir, 1998), the court

9  found that the copyright laws of more than 18 nations were implicated and that

10 claims under the laws of those countries were permitted to proceed in U.S. courts.

11 Accordingly, plaintiff has properly pled the fourth and fifth claims, which can and

12 should proceed in this Court.

13 **A.**   **Plaintiff Is Not Required to Identify Any Further Activities Occurring**

14 **within Germany or France**

15       Defendants also argue, albeit incorrectly, that the fourth and fifth claims

16 should be dismissed because the FAC has not identified any activities capable of

17 infringing on plaintiff's rights that occurred in either Germany or France.

18 Defendants argue that because the FAC alleges generally that *12YAS* and its

19 soundtrack were distributed "numerous foreign nations" and "many countries of the

20 world" rather than identifying Germany and France specifically, plaintiff fails to

21 properly state claims for violation of moral rights.  (FAC ¶ 25, 29.)  Despite

22 defendants protestations, there is not requirement that plaintiff identify that the

23 infringing activities took place specifically within Germany or France in order to

24 properly state a claim for violation of moral rights or to satisfy Rule 8's liberal

25 notice pleading standard.

26

27 copyright laws are cognizable in U.S. courts); *Armstrong v. Virgin Records*, 91 F.

28 Supp. 2d 628 (S.D.N.Y. 2000) (same).

Blecher Collins
Pepperman & Joye

1    Indeed, the plaintiff incorporates by reference all previous paragraphs of the

2    FAC including ¶¶ 25 and 29, which states that plaintiff's moral rights have been

3    violated under the copyright laws of the numerous foreign nations where *12YAS* was

4    distributed and exhibited.  The FAC then sets forth, in the fourth and fifth claims for

5    relief, the applicable provisions of the German and French copyright laws, which,

6    *inter alia*, embody the moral rights allegedly infringed by defendants.  Moreover,

7    the argument advanced by defendants for dismissing these claims flies in the face of

8    the underlying policy concerning notice pleading under Rule 8. "The interest and

9    effect of the rules is to permit the claim to be stated in general terms." *Nagler v.*

10   *Admiral Corp.*, 248 F.2d 319, 324 (2d Cir. 1957).  Moreover, the rules are designed

11   to "discourage battles over mere form of statement." *Id.*

12   Defendants' form over substance argument exemplifies precisely what Rule 8

13   is intended to discourage.  Accordingly, this Court should deny defendants' motion

14   to dismiss the fourth and fifth claims for relief.

15                                                **VII.**

16   <u>**IF ANY PORTION OF THE FIRST AMENDED COMPLAINT IS DEEMED**</u>

17   <u>**DEFICIENT, LEAVE TO AMEND THE PLEADING SHOULD BE FREELY**</u>

18                              <u>**GRANTED**</u>

19   As shown above, plaintiff's FAC should not be dismissed.  If the Court finds

20   otherwise, however, plaintiff requests leave to amend its pleading.  Fed. R. Civ. P.

21   15(a) provides that "leave shall be freely given when justice so requires."  If a

22   complaint is dismissed for failure to state a claim, leave to amend should be granted

23   unless no possible amendment would cure the complaint's deficiencies.  *See Reddy*

24   *v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  A denial of leave to amend

25   is reviewed for abuse of discretion, "'but such denial is "strictly" reviewed in light

26   of the strong policy permitting amendment.'" *Moore v. Kayport Package Express,*

27   *Inc.*, 885 F.2d 531, 537 (9th Cir. 1989) (citation omitted); *DCD Programs, Ltd. v.*

28

Blecher Collins
Pepperman & Joye

-22-

*Leighton*, 833 F.2d 183, 190 (9th Cir. 1987) (reversing district court's denial of plaintiff's motion for leave to file a fourth amended complaint).

In exercising that discretion, a district court must be guided by the underlying purpose of Fed. R. Civ. P. 15, which is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Indeed, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id.*; *see also DCD*, 833 F.2d at 186; *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam). Consequently, should the Court find any legal infirmity in the present FAC, plaintiff should be given leave to cure it.

## VIII.

## <u>CONCLUSION</u>

For the reasons set forth above, plaintiff Friedman respectfully submits that defendants' motion to dismiss the first, third, fourth and fifth claims for relief in the First Amended Complaint should be denied in its entirety. In the alternative, if the Court is inclined to grant the motion, plaintiff Friedman respectfully requests leave to amend.

Dated: May 18, 2015                      BLECHER COLLINS
                                         PEPPERMAN & JOYE, P.C.


                                By:    _____*/s/* Maxwell M. Blecher_____
                                         Maxwell M. Blecher
                                         Attorneys for Plaintiff RICHARD
                                         FRIEDMAN

75607.1

*Blecher Collins Pepperman & Joye*

-23-