BLECHER COLLINS PEPPERMAN & JOYE, P.C.
Maxwell M. Blecher (State Bar No. 26202)
 mblecher@blechercollins.com
Theo "John" Giovanni Arbucci (State Bar No. 249811)
 jarbucci@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

LAW OFFICES OF JEFFREY L. GRAUBART, P.C.
Jeffrey L. Graubart (State Bar No. 42250)
 info@jlgraubart.com
800 East Colorado Boulevard, Suite 840
Pasadena, California 91101-2173
Telephone: (626) 304-2800
Facsimile: (626) 381-9601

Attorneys for Plaintiff RICHARD FRIEDMAN

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RICHARD FRIEDMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HANS ZIMMER, individually, and dba REMOTE CONTROL SONGS; TWENTIETH CENTURY FOX FILM CORPORATION; FOX SEARCHLIGHT PICTURES, INC.; FOX ENTERTAINMENT GROUP, INC.; NEW REGENCY PRODUCTIONS, INC.; MONARCHY ENTERPRISES, S.A.R.L., individually, and doing business as REGENCY ENTERPRISES; RIVER ROAD ENTERTAINMENT, LLC; PLAN B ENTERTAINMENT, INC.; REMOTE CONTROL PRODUCTIONS, INC.;SONY MUSIC ENTERTAINMENT; IMAGEM PRODUCTION MUSIC LLC, individually, and dba 5 ALARM MUSIC and also doing business as CYPRESS CREEK MUSIC; DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:15-CV-00502 GHK (E)<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING USE OF CONFIDENTIAL MATERIALS**<br><br>Hon. George H. King<br><br>Complaint filed: January 22, 2015 |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

    2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

    2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and (2) is not a past or current employee of a Party.

2.7  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," including but not limited to extremely sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to an individual or to the business or competitive position of the Designating Party.

2.8  House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action,

with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that

contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately

1. designated for protection within the 21 days shall be covered by the provisions of
2. this Stipulated Protective Order. Alternatively, a Designating Party may specify, at
3. the deposition or up to 21 days afterwards if that period is properly invoked, that the
4. entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
5. CONFIDENTIAL - ATTORNEYS' EYES ONLY."
6.      Parties shall give the other parties notice if they reasonably expect a
7. deposition, hearing or other proceeding to include Protected Material. Before
8. Protected Material may be used at a deposition, hearing or other proceeding, all
9. individuals present at those proceedings, including but not limited to any witness,
10. must either sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or
11. agree on the record to be so bound. The use of a document as an exhibit at a
12. deposition, hearing, or other proceeding shall not in any way affect its designation
13. as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
14. ONLY."
15.      Transcripts containing Protected Material shall have an obvious legend on the
16. title page that the transcript contains Protected Material, and the title page shall be
17. followed by a list of all pages (including line numbers as appropriate) that have been
18. designated as Protected Material and the level of protection being asserted by the
19. Designating Party. The Designating Party shall inform the court reporter of these
20. requirements. Any transcript that is prepared before the expiration of a 21-day
21. period for designation shall be treated during that period as if it had been designated
22. "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety unless
23. otherwise agreed. After the expiration of that period, the transcript shall be treated
24. only as actually designated.
25.      (c)    for information produced in some form other than documentary
26. and for any other tangible items, that the Producing Party affix in a prominent place
27. on the exterior of the container or containers in which the information or item is
28. stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items shall not, standing alone, be deemed a waiver of confidentiality, either as to the specific material disclosed or as to any other material or information concerning the same or related subject matter, or of the Designating Party's right to secure protection under this Order for such material. The inadvertent disclosure may be rectified by written notification, to counsel for all parties to whom the material was disclosed and within a reasonable time after disclosure, that the material should have been designated as Confidential or Attorneys' Eyes Only. The written notification shall constitute a designation of the material as Confidential or Attorneys' Eyes Only under this Order. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer and Motions Challenging Any Designation. The Challenging Party shall initiate and comply with the dispute resolution and motion process under Local Rule 37.1 et seq.

6.3     Burden on Designation Challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the

Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

   7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a) the Receiving Party's Outside Counsel of Record in this action, and the paralegal, clerical and secretarial staff employed by such counsel;

   (b) the Receiving Party and officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

   (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) the Court and its personnel;

  (e) court reporters, videographers, stenographers, or other qualified persons taking testimony in connection with the action;

  (f) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or agreed on the record to be so bound, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  (j) such other persons as the Parties may agree upon in writing, provided that such other persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

  7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

  (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

  (b) House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters, videographers, stenographers, or other qualified persons taking testimony in connection with the action;

  (f) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  (h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  (i) such other persons as the Parties may agree upon in writing, provided that such other persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

  (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

  (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

1 subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1 Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any attorney-client privileged or work product protected documents or data ("Inadvertently Produced Privileged Material") is not a waiver by the Designating Party in the Litigation or in any other proceeding. A Party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document shall promptly notify any all Receiving Parties and provide sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure. In the event that a Receiving Party discovers a document that it believes to be an Inadvertently Produced Privileged Document, the Receiving Party will promptly notify the Designating Party of what it believes to be the Inadvertently Produced Privileged Document (no Receiving Party will be found in violation of this Order for failing to identify an Inadvertently Produced Privileged Document). In addition, within five (5) days of discovering or being notified of an Inadvertently Produced Privileged Document, any Receiving Party must return, or destroy the specified document and any copies. The Producing Party must retain a copy of the document until the resolution or termination of this Case.

11.2 If any Party challenges a claim of privilege, a claim of inadvertent production and/or the timeliness of notice of inadvertent production given pursuant to the preceding paragraph, it shall so notify the other and the Challenging Party shall initiate and comply with the dispute resolution and motion process under Local Rule 37.1 et seq. Any motion or stipulated filed pursuant to that Rule shall be filed under seal pursuant to Local Rule 79-5, and shall not assert as a ground for entering such an order the fact of the inadvertent production. From the time of the notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for

any purpose until the Court enters an order ruling otherwise, or until the Parties otherwise agree. The Designating Party asserting the privilege or attorney work product protection shall file its opposition under seal and submit a copy of the document in question for in camera review.

12. **MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule 79-5 unless otherwise instructed by the Court.

13. **FINAL DISPOSITION**

After the final disposition of this action, as defined in paragraph 4, within 60 days of receipt of a written request by the Designating party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

1  (1) identifies (by category, where appropriate) all the Protected Material that was
2  returned or destroyed and (2) affirms that the Receiving Party has not retained any
3  copies, abstracts, compilations, summaries or any other format reproducing or
4  capturing any of the Protected Material. Notwithstanding this provision, Counsel
5  are entitled to retain an archival copy of all pleadings, motion papers, trial,
6  deposition, and hearing transcripts, legal memoranda, correspondence, deposition
7  and trial exhibits, expert reports, attorney work product, and consultant and expert
8  work product, even if such materials contain Protected Material. Any such archival
9  copies that contain or constitute Protected Material remain subject to this Protective
10 Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 17, 2015          BLECHER COLLINS
                                   PEPPERMAN & JOYE, P.C.


                                   By:  /s/ Maxwell M. Blecher
                                        Maxwell M. Blecher
                                        Attorneys for Plaintiff RICHARD
                                        FRIEDMAN

Dated: September 17, 2015          LAW OFFICES OF JEFFREY L.
                                   GRAUBART, P.C.


                                   By:  /s/ Jeffrey L. Graubart
                                        Jeffrey L. Graubart
                                        Attorneys for Plaintiff RICHARD
                                        FRIEDMAN

| | |
|---|---|
| Dated: September 17, 2015 | KENDALL BRILL & KELLY LLP |
| | By: /s/ Philip M. Kelly |
| | Philip M. Kelly |
| | Attorneys for Defendants HANS ZIMMER individually and dba REMOTE CONTROL SONGS, TWENTIETH CENTURY FOX FILM CORPORATION, FOX SEARCHLIGHT PICTURES, INC., FOX ENTERTAINMENT GROUP, INC., NEW REGENCY PRODUCTIONS, INC., RIVER ROAD ENTERTAINMENT, LLC, PLAN B ENTERTAINMENT, INC., REMOTE CONTROL PRODUCTIONS, INC., and SONY MUSIC ENTERTAINMENT |

77727.1

In accordance with the stipulation of the parties, it is so ordered.

Dated: 9/17/15

Charles F. Eick
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of RICHARD FRIEDMAN, an individual v. HANS ZIMMER, individually, and dba REMOTE CONTROL SONGS; TWENTIETH CENTURY FOX FILM CORPORATION; FOX SEARCHLIGHT PICTURES, INC.; FOX ENTERTAINMENT GROUP, INC.; NEW REGENCY PRODUCTIONS, INC.; MONARCHY ENTERPRISES, S.A.R.L., individually, and doing business as REGENCY ENTERPRISES; RIVER ROAD ENTERTAINMENT, LLC; PLAN B ENTERTAINMENT, INC.; REMOTE CONTROL PRODUCTIONS, INC.;SONY MUSIC ENTERTAINMENT; IMAGEM PRODUCTION MUSIC LLC, individually, and dba 5 ALARM MUSIC and also doing business as CYPRESS CREEK MUSIC; DOES ONE through TEN, inclusive, Case No. 2:15-CV-00502 GHK (E). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

Name: _____

Name of Company or Firm: _____

Address: _____

Present Occupation: _____

Signature: _____

Date: _____

City and State where sworn and signed: _____